OPINION OF THE COURT

Per Curiam.

On May 20, 1969 respondents, Celia Cirucci and Katherine Cerchione, were injured as a result of an automobile accident with a vehicle operated by Carlos Rodriguez. Respondents served a demand for arbitration on their insurance carrier, General Accident Insurance Group, under the "uninsured motorist” indorsement of their policy. They also commenced a civil action against Rodriguez.
Aetna, insurance carrier of Rodriguez, was first notified of the accident on November 16, 1971 when respondents mailed it a copy of the summons and complaint from the Rodriguez action. After several unsuccessful attempts to locate Rodriguez, Aetna mailed a disclaimer letter to respondents on March 28, 1972 which stated: "We have disclaimed liability by reason of the facts of insured’s failure to report this accident to us and failed to cooperate since we were notified of the accident by you.”
General Accident in a special proceeding sought to stay arbitration of the "uninsured motorist” claim against it on the ground that recovery could be sought from Aetna under the policy issued to Rodriguez. The issue is whether Aetna’s disclaimer was effective.
We agree with the Appellate Division that lack of cooperation of the insured, as a ground for disclaimer, was not supported by legally sufficient evidence, since no showing was made that the insured willfully obstructed the insurance company’s investigation (see Thrasher v United States Liab. Ins. Co., 19 NY2d 159, 168). Indeed appellant does not now press non-co-operation as a basis for reversal.
The only other ground stated in the insurance company’s notice of disclaimer, the "insured’s failure to report this accident to us”, was likewise not effective against the third-party claimants. As noted by the Appellate Division an injured third party may seek recovery from an insured’s carrier despite the failure of the insured to provide timely notice of *864 the accident (Lauritano v American Fid. Fire Ins. Co., 3 AD2d 564, affd 4 NY2d 1028). Although, under the facts of this case a disclaimer might have been premised on the late notice furnished by the third parties themselves to the insurer, since this ground was not raised in the letter of disclaimer, it may not be asserted now.
Both statute and public policy require that motorists be insured against the risks of automobile travel (Vehicle and Traffic Law, §310, subd [2]; Rosado v Eveready Ins. Co., 34 NY2d 43). Although an insurer may disclaim coverage for a valid reason (Insurance Law, § 167, subd 8) the notice of disclaimer must promptly apprise the claimant with a high degree of specificity of the ground or grounds on which the disclaimer is predicated. Absent such specific notice, a claimant might have difficulty assessing whether the insurer will be able to disclaim successfully. This uncertainty could prejudice the claimant’s ability to ultimately obtain recovery. In addition, the insurer’s responsibility to furnish notice of the specific ground on which the disclaimer is based is not unduly burdensome, the insurer being highly experienced and sophisticated in such matters.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur in Per Curiam opinion.
Order affirmed.