■ KIRKLAND GORDON, an Infant by his Mother and Natural Guardian EMILY G. KEATING, et al., Respondents, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant, and NASSAU INSURANCE COMPANY, Respondent, et al., Defendant.—In an action for a declaratory judgment to determine the rights and obligations of the several defendants with respect to a negligence action commenced by the plaintiff, defendant Motor Vehicle Accident Indemnification Corporation (MVAIC) appeals from a judgment of the Supreme Court, Kings County, dated August 1, 1978, which, after a nonjury trial, declared, *inter alia,* that defendant Nassau Insurance Company was not required to defend or indemnify its assured. Judgment reversed, on the law and the facts, with costs, and it is declared that defendant Nassau Insurance Company is obligated to defend and indemnify under its policy issued to Joseph Elie. An insurer which seeks to disclaim coverage or liability must give notice of such disclaimer within a reasonable time, and delays of two months without adequate explanation have been declared unreasonable (see *Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028). Defendant Nassau Insurance Company disclaimed five months after plaintiffs' counsel notified it of the accident. The record provides no adequate explanation for the delay. The letter of disclaimer was also defective in failing to specify a reason which would be effective against a third-party claimant (see *General Acc. Ins. Group v Cirucci,* 46 NY2d 862). Accordingly, the disclaimer was invalid. Damiani, J. P., O'Connor, Lazer and Margett, JJ., concur.