■ EAGLE INSURANCE COMPANY, Respondent, v MARIA E. ORTEGA et al., Defendants, and BALLA KEITA, Appellant. [674 NYS2d 56] —In an action for a judgment declaring that the plaintiff is not obligated to defend, indemnify, or reimburse its insureds, the defendants Maria E. Ortega and Victor Ortega, in an underlying negligence action brought by the defendant Balla Keita, the defendant Balla Keita appeals from so much of an order of the Supreme Court, Nassau County (Adams, J.), dated July 22, 1996, as denied that branch of his motion which was, in effect, for summary judgment declaring that the plaintiff was obligated to defend and indemnify its insureds in the underlying action, and granted the plaintiff's cross motion for summary judgment declaring that it was not obligated to defend or indemnify its insureds in the underlying action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the branch of the motion which was for summary judgment is granted, the cross motion is denied, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the plaintiff must defend its insureds, Maria E. Ortega and Victor Ortega, in the underlying action brought against them by the defendant Balla Keita and pay any resulting judgment up to the limit of the insurance coverage, or pay any default judgment against Maria E. Ortega and Victor Ortega up to the limit of the insurance coverage.

On November 5, 1992, a car operated by the defendant Balla Keita was involved in an accident with a car owned by the defendant Maria E. Ortega and operated by the defendant Victor Ortega. On April 28, 1993, Keita sent a letter to the plaintiff Eagle Insurance Company (hereinafter Eagle), the Ortegas' insurer, notifying it of the claim and requesting written verification of coverage. Keita then commenced an action against the Ortegas on November 2, 1994. Keita moved for a default judgment on April 11, 1995, and notified Eagle of the pendency of the action. Eagle notified the Ortegas on May 8, 1995, that it was disclaiming liability based solely on their failure to notify it of "any notices or legal papers received in connection with the accident" pursuant to the instructions in its policy.

Insurance Law § 3420 (a) (3) provides that a notice of a claim to an insurer may be made by either the insured or the injured party. Insurance Law § 3420 (d) provides that an insurer may disclaim coverage by giving a written notice of the disclaimer as soon as reasonably possible. However, "the notice of disclaimer must [also] promptly apprise the claimant with a high degree of specificity of the ground or grounds on which the disclaimer is predicated" (*General Acc. Ins. Group v Cirucci,* 46 NY2d 862, 864). Here, Eagle's disclaimer was based only on the insured's failure to notify it of the claim. The disclaimer, therefore, was not effective against the injured party, and Eagle is now estopped from raising the injured party's late notice in the instant action as a ground for disclaiming coverage (*see, United States Liab. Ins. Co. v Young,* 186 AD2d 644; *General Acc. Ins. Group v Cirucci, supra*). Therefore, Eagle must defend and/or indemnify the Ortegas in the action brought by Keita against them, and must pay any resulting judgment up to the limit of the insurance coverage.

The parties' remaining contentions are without merit. Miller, J. P., Ritter, Sullivan, Santucci and McGinity, JJ., concur.