■ LUCINDA VANEGAS, Appellant, v NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Respondent, et al., Defendants. [723 NYS2d 516] —In an action for a judgment declaring that the defendant Nationwide Mutual Fire Insurance Company is obligated to defend and indemnify its insureds, Audrey Brevard and Elnora Brevard, in a personal injury action entitled *Vanegas v Town of Hempstead,* pending in the Supreme Court, Nassau County, the plaintiff appeals from an order of the Supreme Court, Nassau County (Winick, J.), dated May 18, 2000, which granted the defendant's motion for summary judgment declaring that it is not obligated to defend and indemnify its insureds in the underlying action.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and upon searching the record, summary judgment is granted to the plaintiff declaring that the respondent is obligated to defend and indemnify its insureds in the underlying personal injury action, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate judgment.

"Insurance Law § 3420 (d) provides that an insurer may disclaim coverage by giving a written notice of the disclaimer as soon as reasonably possible. However, 'the notice of disclaimer must [also] promptly apprise the claimant with a high degree of specificity of the ground or grounds on which the disclaimer is predicated' (*General Acc. Ins. Group v Cirucci,* 46 NY2d 862, 864)" (*Eagle Ins. Co. v Ortega,* 251 AD2d 282, 283). Here, the disclaimer issued by Nationwide Mutual Fire Insurance Company (hereinafter Nationwide) was based upon its insureds' failure to timely notify it of the accident and forward copies of the pleadings in the underlying action. The disclaimer, however, was not effective against the plaintiff since it did not state that Nationwide was denying coverage due to the plaintiff's failure to timely place it on notice of the accident. Therefore, Nationwide is estopped from raising in this action as a ground for disclaiming coverage the plaintiff's alleged failure to provide timely notice (*see, Eagle Ins. Co. v Ortega, supra; United States Liab. Ins. Co. v Young,* 186 AD2d 644; *Utica Mut. Ins. Co. v Gath,* 265 AD2d 805).

Although the plaintiff never cross-moved for summary judgment, this Court has the authority pursuant to CPLR 3212 (b) to search the record and award summary judgment to a non-moving party (*see, QDR Consultants & Dev. Corp. v Colonia*

*Ins. Co.,* 251 AD2d 641). Accordingly, summary judgment is granted to the plaintiff declaring that Nationwide is obligated to defend and indemnify its insureds in the underlying action. Altman, J. P., Florio, Schmidt and Smith, JJ., concur.