■ APRIL HAZEN et al., Respondents, v OTSEGO MUTUAL FIRE INSURANCE Co., Appellant. [730 NYS2d 156] —In an action pursu-

ant to Insurance Law § 3420 to recover an unsatisfied judgment against the defendant's insureds, the defendant appeals from an order of the Supreme Court, Richmond County (Minardo, J.), dated July 6, 2000, which granted the plaintiffs' motion for summary judgment.

Ordered that the order is affirmed, with costs.

Insurance Law § 3420 (a) (3) provides that a notice of claim to an insurer may be made by the insured, the injured person, or any other claimant. Insurance Law § 3420 (d) provides that an insurer may disclaim coverage by giving a written notice of the disclaimer as soon as reasonably possible. However, when an insurer disclaims coverage, "the notice of disclaimer must promptly apprise the claimant with a high degree of specificity of the ground or grounds on which the disclaimer is predicated" (*General Acc. Ins. Group v Cirucci,* 46 NY2d 862, 864). The defendant's disclaimer of coverage was based only on its insured's failure to notify it of the claim. The disclaimer, therefore, was not effective against the plaintiffs, the injured parties, who gave notice of the claim, and the defendant is now estopped from raising the plaintiffs' allegedly late notice in the instant action as a ground for disclaiming coverage (*see, Legion Ins. Co. v Weiss,* 282 AD2d 576; *Utica Mut. Ins. Co. v Gath,* 265 AD2d 805; *Eagle Ins. Co. v Ortega,* 251 AD2d 282). Ritter, J. P., Altman, McGinity, Smith and Cozier, JJ., concur.