■ In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, v REYNOLD JOSEPH et al., Respondents. CENTURY INSURANCE COMPANY, Nonparty Appellant. [732 NYS2d 66] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, the appeal is from an order of the Supreme Court, Nassau County (Trainor, R.), entered February 14, 2001, which granted the petition.

Ordered that the order is affirmed, with costs.

Reynold Joseph and Daphne Jordan-Joseph (hereinafter collectively the Josephs) allegedly were injured in an automobile accident on January 23, 1996. The owner and driver of the offending vehicle were insured by John Deere (later known as Sentry Insurance Company, hereinafter Sentry), the predecessor in interest of Century Insurance Company (hereinafter Century). State Farm Mutual Automobile Insurance Company (hereinafter State Farm) insured the Josephs for uninsured motorist benefits at the time of an accident.

State Farm received the Josephs' demand to arbitrate in January 2000, and in February 2000 commenced this proceeding to stay arbitration on the ground that the offending vehicle was insured at the time of the accident. Sentry received the petition and thereafter disclaimed coverage solely to its insureds, by letter dated March 23, 2000, on the ground that they had failed to comply with their obligation to give prompt written notice of the accident.

Insurance Law § 3420 (d) provides that an insurer may

disclaim coverage by giving a written notice of the disclaimer as soon as reasonably possible. The notice of disclaimer must promptly apprise the claimant with a high degree of specificity of the ground or grounds on which the disclaimer is predicated (*see, General Acc. Ins. Group v Cirucci,* 46 NY2d 862, 864; *Vanegas v Nationwide Mut. Fire Ins. Co.,* 282 AD2d 671; *Eagle Ins. Co. v Ortega,* 251 AD2d 282, 283). Here, the disclaimer issued by Sentry, the predecessor in interest to appellant Century, was based upon its insureds' failure to timely notify it of the accident. Contrary to Century's contention, the disclaimer was not effective against the claimants, the Josephs, since it did not state that Sentry was denying coverage due to their failure to timely give notice of the accident (*see, Vanegas v Nationwide Mut. Fire Ins. Co., supra*; *Prudential Prop. & Cas. Ins. v Persaud,* 256 AD2d 502, 504). Accordingly, the Supreme Court did not err in granting the petition to stay arbitration on the ground that the offending vehicle was insured at the time of the accident, thus invalidating the Josephs' uninsured motorist claim.

The appellant's remaining contention is unpreserved for appellate review. Santucci, J. P., Florio, H. Miller and Cozier, JJ., concur.