■ In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, v LOU COOPER et al., Respondents, and ZURICH INSURANCE COMPANY, Appellant. [756 NYS2d 87] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, Zurich Insurance Company appeals from an order of the Supreme Court, Nassau County (Trainor, R.), dated February 14, 2002, which, upon determining that its disclaimer of coverage was invalid, granted the petition and permanently stayed the arbitration.

Ordered that the order is affirmed, with costs.

The appellant, Zurich Insurance Company (hereinafter Zurich), disclaimed coverage of the injured party, Lou Cooper, on the ground, inter alia, that Cooper failed to give it timely notice of his underlying negligence action. It is well settled that to disclaim coverage for bodily injuries, an insurer must give written notice as soon as reasonably possible of such disclaimer to the injured party or any other claimant, as well as the insured, and such notice must properly apprise the injured party or claimant, with a high degree of specificity, of the ground or grounds on which the disclaimer is predicated (*see* Insurance Law § 3420 [d]; *General Acc. Ins. Group v Cirucci,* 46 NY2d 862 [1979]; *Matter of State Farm Mut. Auto. Ins. Co. v Joseph,* 287 AD2d 724 [2001]). Further, in order for a disclaimer letter to be valid against an injured party, the notice of disclaimer must specifically advise the claimant that his or her notice of claim was untimely (*see Matter of State Farm Mut. Auto. Ins. Co. v Joseph, supra*; *Hazen v Otsego Mut. Fire Ins. Co.,* 286 AD2d 708 [2001]). Here, the Supreme Court properly determined that Zurich's disclaimer was invalid as to Cooper, because the letter sent to the insured, the defendant Nazir Butt, disclaimed coverage based upon Butt's failure to timely notify Zurich of the lawsuit, not Cooper's failure to give timely notice (*see General Acc. Ins. Group v Cirucci, supra*; *Matter of State Farm Mut. Auto. Ins. Co. v McGovern,* 283 AD2d 582 [2001]). Thus, the Supreme Court properly determined that Zurich's disclaimer of coverage was invalid, granted the petition, and permanently stayed the arbitration. Smith, J.P., Goldstein, Townes and Mastro, JJ., concur.