Shell v Fireman's Fund Ins. Co. (2004 NY Slip Op 50206(U))

[*1]

Shell v Fireman's Fund Ins. Co.

2004 NY Slip Op 50206(U)

Decided on April 8, 2004

Supreme Court, Kings County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 8, 2004

Supreme Court, Kings County
 NATHANIEL SHELL and BERNICE SHELL Plaintiffs,
against
FIREMAN'S FUND INSURANCE COMPANY, Defendant.
Index No. 25584/2003

Attorney for the Plaintiffs:
Harry I. Katz, 61-25 Utopia Parkway, Fresh Meadows, NY 11365
Attorney for the Defendant:
Rivkin, Radler, LLP, EAB Plaza, Uniondale, NY 11556-0111

Martin Schneier, J.
On January, 2, 2000, plaintiff Nathaniel Shell was involved in an auto accident with a car driven by Raul Park, owned by Claymonth Park and insured by defendant. In 2001 the plaintiffs commenced a Supreme Court action against the Parks. Neither the Parks nor plaintiffs ever gave notice of the lawsuit to defendants. In late March of 2002 defendant recieved an Intercompany Arbitration Demand from the liquidator of the plaintiff's own insurer. Defendant disclaimed coverage by letter dated April 10, 2002, on the grounds that its insured, Claymonth Park, did not give prompt notice of the accident as required by the insurance contract. The defendant's disclaimer was ultimately upheld.
On September 24, 2002, the plaintiffs entered a money judgment by default against the Parks. In July of 2003 the plaintiffs commenced this action pursuant to section 3420(a)(2) of the Insurance Law, which permits a party to seek payment of an unsatisfied judgment directly from the insurer. Defendant answered and asserted, as an affirmative defense, a disclaimer of coverage on the grounds of late notice.
Plaintiffs move for summary judgment on the grounds that there is no triable issue of fact. Defendant agrees that there is no issue of fact and cross-moves for summary judgment in its favor on the grounds that the disclaimer of coverage contained in its answer is effective.
 Section 3420(d) of the Insurance Law provides that when an insurer disclaims coverage it "shall give written notice as soon as reasonably possible of such disclaimer...to the insured and the injured party or any other claimant." Such "notice of disclaimer must [also] promptly apprise the claimant with a high degree of specificity of the ground or grounds on which the disclaimer is [*2]predicated" (General Acc. Ins. Group v. Cirucci, 46 N.Y.2d 862)." Plaintiffs argue that the defendant is estopped from asserting the defense of late notice because, they did not specifically assert it in the April 10, 2002, disclaimer (see, Eagle Ins. Co. v. Ortega, 251 A.D.2d 282)
Defendant is not required to disclaim, however, until it becomes "reasonably possible" to do so. It was not reasonably possible to disclaim in April of 2002, because the defendant was not aware of the plaintiff's claim (Nationwide Ins. Co. v. Lukas, 264 AD2d 778). Defendant was first apprised of the plaintiffs' claim when it received the summons and complaint in this case. Accordingly, the late notice was timely when defendant raised it in the answer.
The plaintiffs, as judgment creditors, stand in the shoes of the insured and are subject to the terms of the insurance policy (Fisher v. Hanover Ins. Co., 288 AD2d 806). In this case the policy required the prompt notice of any claim. Plaintiffs breached this provision by waiting over two years before informing the defendant.
Accordingly, the plaintiffs' motion for summary judgment is denied, the defendant's cross-motion for summary judgment is granted and the complaint is dismissed.
This shall constitute the decision and order of the Court.
J.S.C.
Decision Date: April 08, 2004