■ GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant, v LISA JONES et al., Respondents. FIDELITY & GUARANTY INS. Co. et al., Proposed Additional Respondents. [774 NYS2d 435]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, the appeal is from an order of the Supreme Court, Kings County (Silverman, J.H.O.), dated May 28, 2003, which, upon a finding, in effect, that St. Paul Fire & Marine Ins. Co. properly disclaimed coverage under its policy of insurance issued to MSC National, Inc., in effect, denied the petition.

Ordered that the order is reversed, on the law, the petition is granted, with costs, and the arbitration is permanently stayed.

Lisa Jones and Leslie Fraser (hereinafter the injured parties) allegedly were injured when the vehicle owned by Jones was involved in an accident with a vehicle owned by MSC National, Inc. (hereinafter MSC). MSC's vehicle was insured by St. Paul Fire & Marine Ins. Co. (hereinafter St. Paul), and Jones' vehicle was insured by Government Employees Insurance Company (hereinafter GEICO). St. Paul disclaimed coverage based on the failure of its insured to provide timely notice of the accident, and the injured parties sought arbitration of their claim for uninsured motorist benefits under the policy issued by GEICO. GEICO commenced this proceeding to permanently stay arbitration, and a hearing was held on the issue of whether the disclaimer issued by St. Paul was valid.

The Judicial Hearing Officer erred in determining that the notice of disclaimer issued by St. Paul was valid against the injured parties. The evidence elicited at the hearing established that the injured parties provided notification of the accident to St. Paul pursuant to Insurance Law § 3420 (a) (3). The letter St. Paul sent to its insured disclaimed coverage based solely upon the insured's failure to timely notify it of the accident. "[I]n order for a disclaimer letter to be valid against an injured party, the notice of disclaimer must specifically advise the claimant that his or her notice of claim was untimely" (*Matter of State Farm Mut. Auto. Ins. Co. v Cooper,* 303 AD2d 414 [2003]; *see also General Acc. Ins. Group v Cirucci,* 46 NY2d 862 [1979]; *Matter of State Farm Mut. Auto. Ins. Co. v Joseph,* 287 AD2d 724 [2001]; *Hazen v Otsego Mut. Fire Ins. Co.,* 286 AD2d 708 [2001]; *cf. Matter of First Cent. Ins. Co. [Malave],* 3 AD3d 494 [2004]; *Travelers Indem. Co. v Worthy,* 281 AD2d 411 [2001]). Accordingly, GEICO's petition to permanently stay arbitration should have been granted on the ground that MSC's vehicle was insured at the time of the accident.

In view of our determination, we need not reach GEICO's remaining contentions. Santucci, J.P., S. Miller, Schmidt and Townes, JJ., concur.