HEREFORD INSURANCE COMPANY, Respondent, v YASIN C. MOHAMMOD et al., Defendants, and SHIRLEY JENKINS, Appellant. [776 NYS2d 87]—

In an action for a judgment declaring, inter alia, that the plaintiff is not obligated to defend or indemnify its insured, the defendant Yasin C. Mohammod, in the underlying personal injury action entitled *Jenkins v Elite Car & Limo,* pending in the Supreme Court, Kings County, under Index No. 36332/01, the defendant Shirley Jenkins appeals, as limited by her brief,

from so much of an order of the Supreme Court, Kings County (Johnson, J.), dated April 9, 2003, as denied her cross motion for summary judgment declaring that the disclaimer of coverage issued to the defendant Yasin C. Mohammod was not valid against her and that the plaintiff is obligated to defend and /or indemnify Yasin C. Mohammod in the underlying personal injury action.

Ordered that the order is reversed insofar as appealed from, with costs, the cross motion is granted, and the matter is remitted to Supreme Court, Kings County, for the entry of a judgment declaring that the disclaimer of coverage was invalid against the defendant Yasin C. Mohammod and that the plaintiff is obligated to defend and/or indemnify its insured, the defendant Yasin C. Mohammod, in the underlying personal injury action.

Insurance Law § 3420 (d) provides that an insurer may disclaim coverage by giving written notice of the disclaimer as soon as reasonably possible. However, "the notice of disclaimer must promptly apprise the claimant with a high degree of specificity of the ground or grounds on which the disclaimer is predicated" (*General Acc. Ins. Group v Cirucci*, 46 NY2d 862, 864 [1979]).

Here, the defendant Shirley Jenkins (hereinafter the injured defendant) established her prima facie entitlement to summary judgment declaring that the plaintiff insurer was estopped from raising her alleged late notice of the claim as a ground for disclaiming coverage, and that the notice of disclaimer was not valid against her. The injured defendant provided independent notice of the claim to the plaintiff, and the notice of disclaimer was solely based upon the failure of the insured to provide timely notice of the claim (*see General Acc. Ins. Group v Cirucci, supra* at 864; *Matter of State Farm Mut. Auto. Ins. Co. v Cooper*, 303 AD2d 414 [2003]; *Matter of State Farm Mut. Auto. Ins. Co. v Joseph*, 287 AD2d 724 [2001]; *Vanegas v Nationwide Mut. Fire Ins. Co.*, 282 AD2d 671 [2001]; *Eagle Ins. Co. v Ortega*, 251 AD2d 282 [1998]). In opposition, the plaintiff insurer failed to raise a triable issue of fact. As such, the Supreme Court erred in denying the cross motion of the injured defendant for summary judgment. Ritter, J.P., S. Miller, Adams and Cozier, JJ., concur.