Guy PALANQUET and Mary
Palanquet, Plaintiffs,

v.

WEEKS MARINE, INC., Defendant.

Weeks Marine, Inc., Third–
Party Plaintiff,

v.

C.B. Contracting Corp. and United
States Fire Insurance Company,
Third–Party Defendants.

No. CV 00–1509(ETB).

United States District Court,
E.D. New York.

Jan. 12, 2005.

Andrew R. Diamond, Sacks and Sacks, Esqs., New York, NY, for Plaintiffs.

Mark S. Kundla, Hardin, Kundla, McKeon, Poletto & Polifroni, P.A., Michael S. Brown, New York, NY.

Edward S. Benson, Nicoletti Gonson & Spinner LLP, New York City, NY, Christopher Carroll, Carroll McNukty & Kull, New York City, NY, for Defendant.

## ORDER

BOYLE, United States Magistrate Judge.

In its motion for reconsideration, Weeks Marine, as third-party plaintiff, contends that U.S. Fire should be precluded from relying on what this court has found to be an applicable exclusion to the additional assured provisions of the OLC endorsement. Familiarity with this court's Memorandum Opinion and Order on the parties' summary judgment motions is assumed. *See Palanquet v. Weeks Marine, Inc.*, 333 F.Supp.2d 58 (E.D.N.Y.2004).

Weeks maintains that this court overlooked applicable principles of state law with respect to a carrier's waiver of the right to rely on policy exclusions, pursuant to New York Insurance Law § 3420(d). Weeks relies primarily in the Hocko affidavit annexed to the Benson reply. (Affidavit of Frank J. Hocko, sworn to May 25, 2001, in support of application by U.S. Fire to vacate default and extend time to answer the third-party complaint, annexed to Reply declaration of Edward S. Benson, dated February 26, 2004, at Exhibit A).

The court is in agreement with Weeks' contention that this court erred in suggesting that notification "as soon as is reasonably possible" of its "intention" to disclaim is sufficient to preserve the right to disclaim on any specific ground, on the facts herein. *See Palanquet, supra* at 73–75.

As Weeks properly points out on its motion to reargue, an insurer may be barred from invoking an otherwise applicable policy exclusion by failing to invoke the specific basis of disclaimer in the denial of coverage correspondence to its insured. *See e.g., State of New York v. AMRO Realty Corp.*, 936 F.2d 1420, 1431

(1991) (under New York law an act by an insurer disclaiming coverage on a specific ground is conclusive evidence of insurer's intent to waive unasserted grounds). Where an exclusion clause is relied upon to deny coverage "[t]he insurer has the burden of demonstrating that the allegations of the complaint cast the pleading solely and entirely within the policy exclusions, and subject to no other interpretation." *Id.* at 1427, quoting from *International Paper Co. v. Continental Cas Co.,* 35 N.Y.2d 322, 325, 361 N.Y.S.2d 873, 320 N.E.2d 619 (1974) (quotations omitted).

It is clear from the January 3, 2000 correspondence that U.S. Fire insisted on production of the contract between Weeks and C.B. Contracting before making any determination as to coverage. That information was subsequently provided to U.S. Fire, by correspondence, dated January 14, 2000, leading to the correspondence by U.S. Fire, dated March 22, 2000, which acknowledged Weeks as an additional assured but continued to deny coverage pending receipt of additional information as to the nature of the accident.

■ The accident here occurred on December 4, 1998. This action commenced in the state court with the filing of a summons and complaint on or about September 16, 1999. Weeks tendered its defense to U.S. Fire on August 16, 1999, asserting that it was an additional insured under the policy issued to C.B. By correspondence, dated August 31, 1999, U.S. Fire denied coverage to Weeks stating· that "we are investigating into (sic) this matter, and will advise you of our coverage position." (Correspondence of Dennis Chen, Claims Specialist, dated August 31, 1999). That position continued through March 22, 2000 and has continued to date. US Fire has never provided a denial of coverage letter based on the ground found applicable here in the underlying opinion and order. *See*

*Palanquet, supra,* 333 F.Supp.2d at 72–73 ("D. Accidental Exclusion Within OLC").

By March 22, 2000, U.S. Fire had received the requested contract between Weeks and CB Contracting. US Fire had had notice of the underlying accident since August 16, 1999, and therefore had approximately six (6) months to investigate the underlying accident. This is more than an ample opportunity to conduct the necessary investigation with regard to issues relating to coverage to determine whether Weeks' conduct fell within any policy exclusion, as it claims in its motion for summary judgment.

■ To result in a waiver, however, U.S. Fire's conduct must be shown to be a voluntary and intentional relinquishment of a known right. *Albert J. Schiff Associates Inc. v. Flack,* 51 N.Y.2d 692, 698, 435 N.Y.S.2d 972, 417 N.E.2d 84 (1980). *See also State of New York v. AMRO Realty Corp., supra,* 936 F.2d at 1431 (1991).

Preliminarily the court notes that there is no issue here of whether Weeks was an additional insured under the CB Contracting policy. The court so found, as a matter of law, *see Palanquet, supra,* 333 F.Supp.2d at 70–71 ("B. Weeks is an Additional Insured Under the OLC Provision"), and additional assured status was expressly acknowledged by U.S. Fire in its correspondence to Weeks Marine, dated March 22, 2000, which, while recognizing Weeks as an additional assured, nonetheless continued to deny coverage "because (sic) the unknown factual information of the accident." (Correspondence of Dennis Chen, Claims Specialist, dated March 22, 2000, addressed to Weeks Marine annexed to U.S. Fire's Summary Judgment Notice of Motion at Exhibit "E").

As noted above, a waiver of a policy exclusion must be a voluntary and intentional relinquishment of a known right. *State of New York, supra.* ·The affidavit of

Frank J. Hocko ("the Hocko affidavit") is applicable here. The date and content of the affidavit are critical. The date—May 25, 2001—is approximately 21 months after Weeks Marine provided a copy of the notice of claim and requested defense as an additional assured under the CB Contracting policy. The date is fourteen (14) months after the March 22, 2000 correspondence wherein U.S. Fire again denied Weeks Marine coverage, pending further investigation of the underlying accident, but without stating any specific ground for its denial.

The Hocko affidavit was submitted in support of an application to vacate an earlier default in this action by U.S. Fire. The content of the affidavit, in relevant part, states:

7. Similarly, prior to the institution of the instant lawsuit, U.S. Fire attempted to resolve the issues in an amicable fashion. However, investigation reveals that Third–Party Plaintiff's, Weeks Marine, claim falls outside the scope of coverage based upon the language of the policy.

8. Specifically, investigation revealed that Weeks Marine controlled the mode, manner and method of the construction work at the location where plaintiff Palanquet claims to have been injured.

9. Notwithstanding the foregoing, Weeks Marine makes claim for coverage pursuant to the additional insured endorsement of the subject insurance policy.

10. The language of the additional insured endorsement for the insurance policy at issue specifically excludes coverage for acts or omissions of an additional insured or its employees.

11. It is on these facts, among others, that the United States Fire Insurance Company denied coverage to third party plaintiff, Weeks Marine and seeks now to defend its position.

The above reference is to the exclusion clause which the court found applicable in the Memorandum Opinion and Order on summary judgment. *See Palanquet, supra,* 333 F.Supp.2d at 72–73 ("D. Additional Exclusion Within the OLC"). Weeks Marine quite properly points out on its motion to reargue that, while this information was clearly known to U.S. Fire as of May 25, 2001, the date of the affidavit, this information was never conveyed to Weeks Marine, the additional insured; either when it denied coverage in January and March 2000, or at any time thereafter in this action.

Thus, while it is unclear from the affidavit when U.S. Fire acquired the basis for denying coverage set forth in the Hocko affidavit, it is not disputed that Weeks was never advised of this as a ground for denial of coverage.

A "notice of disclaimer must promptly apprise the claimant with a high degree of specificity of the ground or grounds on which the disclosure is predicated.... [T]he insurer's responsibility to furnish notice of the specific ground on which the disclaimer is based is not unduly burdensome, the insurer being highly experienced and sophisticated in such matters." *General Accident Insurance Group v. Cirucci,* 46 N.Y.2d 862, 864, 414 N.Y.S.2d 512, 514, 387 N.E.2d 223 (1979).

For the foregoing reason, on reconsideration of the relevant parts of the Memorandum Opinion and Order, dated August 30, 2004, I find Weeks has waived its right to assert the "additional exclusion" within the OLC ("this insurance does not apply to ... bodily injury or property damage arising out of any act or omission of the additional insured(s) or any of their employees other than the general supervision by the additional insured(s) of your ongoing operations performed for the additional insured(s))." The prior order in the third-

party action, in this respect, is vacated. Weeks' motion for summary judgment in its declaratory judgment action is granted in all respects, and U.S. Fire declared to be obligated to defend and, if necessary, indemnify defendant/third-party plaintiff, Weeks Marine, in the underlying personal injury action, including the costs and reasonable attorney's fees incurred to date. US Fire's cross-motion for summary judgment dismissing the third-party complaint and for other declaratory relief is vacated and is in all respects denied.

SO ORDERED.