■ RAYMOND VACCA, Appellant, v STATE FARM INSURANCE COMPANY, Respondent. [790 NYS2d 177]—

In an action pursuant to Insurance Law § 3420 (a) (2) and (b) (1) to recover the amount of a judgment obtained against the defendant's insured, the plaintiff appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated December 10, 2003, which denied his motion for summary judgment and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the cross motion is denied, the complaint is reinstated, and the motion is granted to the extent that the plaintiff may recover damages in the principal sum of $100,000, the applicable limit of the defendant's insurance policy and is otherwise denied; and it is further,

Ordered that the matter is remitted to the Supreme Court, Kings County, for the entry of judgment in favor of the plaintiff and against the defendant in the principal sum of $100,000.

The plaintiff, Raymond Vacca, allegedly was injured in an automobile accident that occurred on December 25, 1997. Vacca independently furnished notice of the accident to the defendant State Farm Insurance Company (hereinafter State Farm), the liability insurer of the offending vehicle. Vacca thereafter commenced an action to recover damages for personal injuries (hereinafter the first action) against Janna Kagan and Yakov Kremer, the owner and operator, respectively, of the vehicle insured by State Farm. The first action resulted in the entry of a default judgment in the sum of $175,000 against Kagan and Kremer. When Vacca sought to collect this judgment from State Farm, State Farm disclaimed coverage based on the failure of Kagan and Kremer, its insureds, to "forward the Summons & Complaint [or] any subsequent legal documentation to State Farm Insurance."

Vacca commenced the instant action pursuant to Insurance Law § 3420 (a) (2) and (b) (1) to recover the amount of the judgment obtained against State Farm's insureds in the first action. Upon finding, inter alia, that Vacca failed to provide State Farm with timely notice of the commencement of the first action, the Supreme Court denied Vacca's motion for summary judgment and granted State Farm's cross motion for summary judgment dismissing the complaint. The Supreme Court distinguished the holding of the Court of Appeals in *General Acc. Ins. Group v Cirucci* (46 NY2d 862 [1979] [an injured third party may seek recovery from an insured's carrier despite the failure of the insured to provide timely notice of the accident]), noting that Vacca "is not a claimant in a pending lawsuit [but] is a judgment creditor whose procurement of a default judgment was made possible by his own failure to provide [the defendant] with notice of the [underlying] lawsuit."

We agree with the Supreme Court that Vacca's failure to furnish State Farm with notice of the first action within a reasonable time after its commencement would have furnished a valid ground upon which State Farm could have disclaimed coverage. We also agree that his failure to provide such notice in this case deprived State Farm of any opportunity to contest the issue of its insureds' liability. These circumstances, however, do not operate to distinguish the present case from the result in *General Acc. Ins. Group v Cirucci (supra)*.

State Farm, in its disclaimer letter, failed to cite Vacca's failure to provide it with timely notice of the first action, but rather cited the failure of Kagan and Kremer to do so. Although State Farm had a basis upon which to disclaim coverage against Vacca based on his inaction, under *General Acc. Ins. Group v Cirucci*

*(supra)*, State Farm's disclaimer, to the extent it was based solely on the inaction of its own insureds, did not affect Vacca's independent rights *(see also Hereford Ins. Co. v Mohammod,* 7 AD3d 490 [2004]; *Government Empls. Ins. Co. v Jones,* 6 AD3d 534 [2004]; *Matter of State Farm Mut. Auto. Ins. Co. v Cooper,* 303 AD2d 414 [2003]; *Matter of State Farm Mut. Ins. Co. v Joseph,* 287 AD2d 724 [2001]; *Hazen v Otsego Mut. Fire Ins. Co.,* 286 AD2d 708 [2001]; *Vanegas v Nationwide Mut. Fire Ins. Co.,* 282 AD2d 671 [2001]; *Legion Ins. Co. v Weiss,* 282 AD2d 576 [2001]; *Utica Mut. Ins. Co. v Gath,* 265 AD2d 805 [1999]; *Eagle Ins. Co. v Ortega,* 251 AD2d 282 [1998]).

We note that Vacca furnished notice of the accident to State Farm shortly after the occurrence *(cf. Viggiano v Encompass Ins. Co./Fireman's Ins. Co. of Newark, N.J.,* 6 AD3d 695 [2004]; *Pile Found. Constr. Co. v Investors Ins. Co. of Am.,* 2 AD3d 611 [2003]; *Travelers Indem. Co. v Worthy,* 281 AD2d 411 [2001]; *Matter of First Cent. Ins. Co.,* 3 AD3d 494 [2004]). We do not agree with State Farm's contention that the rule stated in *General Acc. Ins. Group v Cirucci (supra),* which would entitle Vacca to a judgment declaring that State Farm's disclaimer was invalid as to him, does not apply here, where the plaintiff is attempting recover the amount of an unsatisfied default judgment pursuant to Insurance Law § 3420 (a) (2) and (b) (1).

For these reasons, the plaintiff's motion for summary judgment should have been granted and State Farm's cross motion for summary judgment dismissing the complaint should have been denied. In addition, we remit the matter to the Supreme Court, Nassau County, for the entry of judgment in favor of Vacca and against State Farm in the principal sum of $100,000, the applicable limit of the subject policy *(see* Insurance Law § 3420 [a] [2]). Prudenti, P.J., Cozier, Ritter and Spolzino, JJ., concur.