NATHANIEL SHELL et al., Appellants, v FIREMAN'S FUND INSURANCE COMPANY, Respondent. [793 NYS2d 110]—

In an action pursuant to Insurance Law § 3420 (a) (2) to recover the amount of an unsatisfied judgment against the defendant's insured, the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Schneier, J.), dated April 8, 2004, which denied their motion for summary judgment and

granted the defendant's cross motion for summary judgment dismissing the complaint, and (2) so much of an order of the same court dated July 16, 2004, as, upon reargument and renewal, adhered to its original determination.

Ordered that the appeal from the order dated April 8, 2004, is dismissed, as that order was superseded by the order dated July 16, 2004, made upon reargument and renewal; and it is further,

Ordered that the order dated July 16, 2004, is reversed insofar as appealed from, on the law, and upon reargument and renewal, the order dated April 8, 2004, is vacated, the complaint is reinstated, the plaintiffs' motion for summary judgment is granted, and the cross motion is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The plaintiff Nathaniel Shell allegedly was injured on January 2, 2000, in a motor vehicle accident involving Raul L. Park, the driver of the alleged offending vehicle, which was owned by Claymonth Park. At the time of the accident, Claymonth Park's vehicle was insured by the defendant. The plaintiffs commenced an action against Raul L. Park and Claymonth Park (hereinafter the Parks) to recover damages for personal injuries sustained by Nathaniel Shell.

On September 24, 2002, the Supreme Court entered judgment against the Parks. A copy of this judgment was served on the defendant on September 27, 2002. This was the first notice of the plaintiffs' *claim* given to the defendant by anyone. However, the defendant received tardy notice of the *accident* from the plaintiffs' insurer by way of a subrogation intercompany arbitration demand dated April 5, 2002, seeking adjustment of no-fault benefits. The defendant, by letter dated April 10, 2002, promptly disclaimed coverage for "this claim" submitted by the plaintiffs' insurance company because the defendant's own insured failed to give prompt notice of it. The letter dated April 10, 2002, addressed to Claymonth Park, indicated that a copy of it was sent to the plaintiff Nathaniel Shell.

Relying on its disclaimer dated April 10, 2002, the defendant did not satisfy the plaintiffs' judgment. The plaintiffs commenced this action on July 10, 2003, and the defendant served an answer dated October 20, 2003. The plaintiffs treated the answer as a disclaimer of their claim as injured parties (*see* Insurance Law § 3420 [a] [3]) on the basis that the answer pleaded that the plaintiffs were subject to all defenses against the insured party and that the insured party failed to give the defendant prompt notice of the accident or loss. Since the disclaimer was made more than 12 months after the defendant was notified of the plaintiffs' claim by way of service of a copy

of the judgment, the plaintiffs moved for summary judgment based on the tardiness of the disclaimer. The defendant, in support of its cross motion for summary judgment, argued that its disclaimer letter dated April 10, 2002, covered the injured parties' claim embodied in the judgment. The Supreme Court held that the disclaimer dated April 10, 2002, was insufficient to cover the plaintiffs' claim because the defendant was not aware of the claim at the time it sent the letter. Instead, it held that the defendant was first apprised of the plaintiffs' claim when it received the summons and complaint in this action, and thus, the defense of late notice asserted in its answer was timely.

The plaintiffs moved for reargument and renewal, on the ground that the Supreme Court overlooked the date of the defendant's receipt of the plaintiffs' judgment as its first notice of the claim. In addition, the plaintiffs referred to a letter obtained in discovery that, they argued, evidenced the defendant's awareness of the claim of the plaintiff Nathaniel Shell as early as March 26, 2002. The Supreme Court, in its order dated July 16, 2004, upon granting reargument and renewal, adhered to its original determination. In that order, the court indicated that the letter dated March 26, 2002, did not "assert a claim by [the] plaintiffs against [the] defendants." We reverse.

The defendant's reliance on its disclaimer dated April 10, 2002, was misplaced. An insurer's justification for denying coverage is strictly limited to the ground stated in the notice of disclaimer (see General Acc. Ins. Group v Cirucci, 46 NY2d 862, 864 [1979]; Pawley Interior Contr., Inc. v Harleysville Ins. Cos., 11 AD3d 595, 596 [2004]; Prus v Glencott Realty Corp., 10 AD3d 390, 391 [2004]). The letter dated April 10, 2002, disclaimed coverage on the ground that its insured failed to give "prompt notice of this claim," a no-fault subrogation claim. This language made no reference to the plaintiffs' claim in the underlying action against the Parks. Therefore, as the Supreme Court observed, albeit for a different reason, the letter dated April 10, 2002, could not serve as a disclaimer of the plaintiffs' claim in the underlying action against the Parks. Moreover, the letter dated April 10, 2002, was based on the failure of Claymonth Park to give prompt notice and made no reference to the failure of the plaintiff Nathaniel Shell, the injured party, to give such notice (see Vacca v State Farm Ins. Co., 15 AD3d 473 [2005]). Therefore, the disclaimer dated April 10, 2002, was ineffective against the plaintiffs (see General Acc. Ins. Group v Cirucci, supra; Halali v Evanston Ins. Co., 8 AD3d 431, 433 [2004]; Matter of State Farm Mut. Auto. Ins. Co. v Cooper, 303 AD2d 414 [2003]).

Thus, the defendant's answer in this action was, in effect, the only disclaimer of coverage of the plaintiffs' claim. Since it was furnished over 12 months after the plaintiffs notified the defendant of their claim by way of service of a copy of their judgment against the Parks, the disclaimer, as a matter of law, was not made "as soon as is reasonably possible" (Insurance Law § 3420 [d]; *see Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028, 1030 [1979]; *Government Empls. Ins. Co. v Kolodny,* 269 AD2d 564, 565 [2000]). The lack of timeliness of the disclaimer renders academic any consideration of the validity of the grounds asserted therein including the staleness of notice furnished by the insured or by the injured party (*see Crowningshield v Nationwide Mut. Ins. Co.,* 255 AD2d 813, 815 [1998]; *State Farm Mut. Auto. Ins. Co. v Clift,* 249 AD2d 800, 801 [1998]; *Matter of Nationwide Mut. Ins. Co. v Steiner,* 199 AD2d 507 [1993]; *Kramer v Interboro Mut. Indem. Ins. Co.,* 176 AD2d 308 [1991]).

Accordingly, the Supreme Court should have granted summary judgment in favor of the plaintiffs rather than the defendant.

In view of the foregoing, it is unnecessary to reach the remaining contentions of the parties. Schmidt, J.P., Goldstein, Crane and Fisher, JJ., concur.