■ MICHAEL HENNER et al., Appellants, v EVERDRY MARKETING AND MANAGEMENT, INC., et al., Defendants, and GEMINI INSURANCE COMPANY, Respondent. (Appeal No. 1.) [902 NYS2d 765]—

Appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered December 29, 2008. The order granted the motion of defendant Gemini Insurance Company to dismiss the complaint against it.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Plaintiffs commenced this action alleging, inter alia, that defendant Everdry Marketing and Management, Inc. (EMM) and its affiliates, including Everdry Management Services, Inc. (EMS), violated Navigation Law § 181 (5) by discharging petroleum on their property. In appeal No. 1, plaintiffs appeal from an order granting the motion of defendant Gemini Insurance Company (Gemini), which issued an insurance policy to EMS, seeking to dismiss the complaint against it on the ground that plaintiffs have "no viable cause of action against it." In appeal No. 2, plaintiffs appeal and defendants-respondents-appellants (collectively, CNA defendants), the insurers of "EMM and/or EMS" according to plaintiffs, cross-appeal from an order granting that part of the motion of the CNA defendants, treated as one for summary judgment by Supreme Court pursuant to CPLR 3211 (c), seeking to dismiss the complaint against them as the insurers of EMS. The court denied that part of the motion insofar as the CNA defendants alleged that plaintiffs failed to provide timely notice of the accident to them, as the insurers of EMM, of the claims under the Navigation Law.

With respect to appeal No. 1, we agree with plaintiffs that the court erred in granting the motion of Gemini to dismiss the complaint against it on the ground that plaintiffs have "no viable cause of action against it." Pursuant to Navigation Law article 12, a party injured by the discharge of petroleum may

maintain an action directly against the insurer of the discharger (*see* Navigation Law § 190), "despite the failure of the insured to provide timely notice of the accident" (*General Acc. Ins. Group v Cirucci*, 46 NY2d 862, 863-864 [1979]; *see Vacca v State Farm Ins. Co.*, 15 AD3d 473, 474-475 [2005]; *Utica Mut. Ins. Co. v Gath*, 265 AD2d 805 [1999]). "Moreover, the insurer will be estopped from later raising a defense that it did not mention in the notice of disclaimer" (*Mount Vernon Fire Ins. Co. v Harris*, 193 F Supp 2d 674, 679 [ED NY 2002]; *see General Acc. Ins. Group*, 46 NY2d at 864).

Here, it is undisputed that Gemini disclaimed coverage on the ground that its insured did not provide timely notice of the accident, and it also attempted to raise certain policy exclusions. Gemini did not, however, disclaim coverage on the ground relied upon in its motion and on appeal, i.e., that plaintiffs failed to provide it with timely notice of the accident. Consequently, Gemini is precluded from relying upon that defense (*see Government Empls. Ins. Co. v Jones*, 6 AD3d 534, 535 [2004]; *Hazen v Otsego Mut. Fire Ins. Co.*, 286 AD2d 708 [2001]; *Utica Mut. Ins. Co.*, 265 AD2d 805 [1999]), and the court erred in granting Gemini's motion based on that defense.

Although plaintiffs further contend on appeal that the court erred in its determination with respect to the issue of the applicability of the exclusions in the Gemini policy, we note that the court in fact expressly stated that it had not "fully" analyzed that issue, although there may be "viable arguments" with respect to it. In view of our determination that the court erred in granting the motion of Gemini based on plaintiffs' failure to provide it with timely notice of the accident, however, the issue concerning the applicability of the policy exclusions is no longer moot. We therefore reverse the order in appeal No. 1 and remit the matter to Supreme Court to determine that issue and thus to decide the motion of Gemini for summary judgment dismissing the complaint against it based on the policy exclusions (*see Murray v Lancaster Motorsports, Inc.*, 27 AD3d 1193, 1196 [2006]).

With respect to appeal No. 2, plaintiffs contend on their appeal that the court erred in granting that part of the motion of the CNA defendants as the insurers of EMS because, like Gemini, they did not disclaim coverage based on plaintiffs' allegedly untimely notice of the accident, while the CNA defendants contend on their cross appeal that the court erred in denying that part of their motion as the insurers of EMM. We agree with the CNA defendants that plaintiffs failed to preserve for our review their contention with respect to EMS by failing to

raise it in opposition to the motion (*see Matter of Prudential Prop. & Cas. Ins. Co. v Ambeau*, 19 AD3d 999 [2005]; *see also Matter of Aetna Cas. & Sur. Co. v Scirica*, 170 AD2d 448 [1991], *lv denied* 78 NY2d 851 [1991]). In opposing the motion of the CNA defendants, plaintiffs attached a copy of the attorney's affirmation that they submitted in opposition to the motion of Gemini at issue in appeal No. 1. In doing so, however, they specified the contentions in the affirmation that they were incorporating in opposition to the motion of the CNA defendants, and the contention in question was not mentioned by plaintiffs. Nevertheless, we conclude that " 'the issue . . . is one of law appearing on the face of the record that [the CNA defendants] could not have countered had it been raised in the court of first instance,' " and thus the issue may be raised for the first time on appeal (*Hoke v Hoke*, 27 AD3d 1055, 1055 [2006]; *see Paul v Cooper*, 45 AD3d 1485, 1486 [2007]; *Oram v Capone*, 206 AD2d 839 [1994]).

For the reasons stated with respect to appeal No. 1, we conclude that the court properly denied that part of the motion seeking summary judgment dismissing the complaint against the CNA defendants as the insurers of EMM but erred in granting that part of the motion with respect to EMS, and we therefore modify the order in appeal No. 2 accordingly. Although the CNA defendants sent letters purporting to reserve their rights to disclaim coverage, a reservation of rights does not qualify as a timely disclaimer (*see Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028, 1029 [1979], *rearg denied* 47 NY2d 951 [1979]; *NYAT Operating Corp. v GAN Natl. Ins. Co.*, 46 AD3d 287 [2007], *lv denied* 10 NY3d 715 [2008]). Indeed, the CNA defendants did not meet their initial burden with respect to that part of their motion, inasmuch as the evidence submitted by them in support of their motion in fact established that they did not disclaim coverage based on plaintiffs' alleged untimely notice of the accident, and thus they waived that defense.

In view of our determination, we need not address plaintiffs' remaining contentions with respect to appeal No. 2. Present—Smith, J.P., Carni, Lindley, Sconiers and Pine, JJ.