■ CHAIM LOEFFLER, Appellant, v SIRIUS AMERICA INSURANCE COMPANY et al., Defendants, and OHIO CASUALTY GROUP, Respondent. [919 NYS2d 379]—

The plaintiff, who allegedly was injured in a construction accident, obtained a judgment in his ensuing personal injury action against, among others, M & M Interior Craftsman, Inc. (hereinafter M & M). The plaintiff thereafter commenced this action pursuant to Insurance Law § 3420, against, among others, M & M's insurance carrier, Ohio Casualty Group (hereinafter the defendant), to collect the amount of the unsatisfied judgment.

The defendant asserts that it validly disclaimed coverage based upon the alleged failure of the plaintiff and M & M to give timely notice. "[W]hen an insurer disclaims coverage, 'the notice of disclaimer must promptly apprise the claimant with a high degree of specificity of the ground or grounds on which the disclaimer is predicated' " (*Hazen v Otsego Mut. Fire Ins. Co.*, 286 AD2d 708, 709 [2001], quoting *General Acc. Ins. Group v Cirucci*, 46 NY2d 862, 864 [1979]). Here, contrary to the defendant's contention, the above-referenced disclaimer of coverage was based only on its insured's failure to notify it of the claim, and therefore, "was not effective against the plaintiff[ ], the injured part[y], who gave notice of the claim" (*Hazen v Otsego Mut. Fire Ins. Co.*, 286 AD2d at 709; *see General Acc. Ins. Group v Cirucci*, 46 NY2d at 864; *Shell v Fireman's Fund Ins. Co.*, 17 AD3d 444, 447 [2005]; *Vacca v State Farm Ins. Co.*, 15 AD3d 473, 474-475 [2005]; *Hereford Ins. Co. v Mohammod*, 7 AD3d 490, 491 [2004]; *Matter of State Farm Mut. Auto. Ins. Co. v Cooper*, 303 AD2d 414 [2003]; *Matter of State Farm Mut. Auto. Ins. Co. v Joseph*, 287 AD2d 724, 725 [2001]). Consequently, the defendant may not raise the plaintiff's allegedly late notice in the instant action as a ground for disclaiming coverage (*see General Acc. Ins. Group v Cirucci*, 46 NY2d at 864; *Shell v Fireman's Fund Ins. Co.*, 17 AD3d at 447; *Hereford Ins. Co. v Mohammod*, 7 AD3d at 491; *Hazen v Otsego Mut. Fire Ins. Co.*, 286 AD2d at 709).

We reject the defendant's further contention that the notice provided by the plaintiff to the defendant did not need to be addressed in the disclaimer because it was rendered superfluous by notice provided to the defendant by certain entities claiming to be additional insureds under M & M's policy (*cf. Rochester v Quincy Mut. Fire Ins. Co.*, 10 AD3d 417, 418 [2004]; *Ringel v Blue Ridge Ins. Co.*, 293 AD2d 460, 462 [2002]). The notice provided to the defendant by those entities of the plaintiff's

claim against them, arising out of the subject accident, did not operate to provide the defendant with notice of the plaintiff's claim against M & M (*see 23-08-18 Jackson Realty Assoc. v Nationwide Mut. Ins. Co.*, 53 AD3d 541, 543 [2008]; *City of New York v St. Paul Fire & Mar. Ins. Co.*, 21 AD3d 978, 982 [2005]).

Accordingly, the plaintiff's cross motion for summary judgment on the complaint insofar as asserted against the defendant should have been granted.

The parties' remaining contentions either are without merit or are academic in light of our determination. Mastro, J.P., Skelos, Balkin and Roman, JJ., concur.