# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

433.1
CA 10-02055
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

RACHEL T. BUCHANAN, PLAINTIFF-RESPONDENT,

V                                      MEMORANDUM AND ORDER

MATT DOMBROWSKI, INDIVIDUALLY, AND MAGRUDER'S
RESTAURANT & PUB INC., DEFENDANTS-APPELLANTS.
(APPEAL NO. 1.)

---

SLIWA & LANE, BUFFALO (PAUL F. MURAK OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (RODGER P. DOYLE, JR., OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Gerald J. Whalen, J.), entered May 26, 2010 in a personal injury action. The order granted those parts of plaintiff's motion seeking summary judgment on the issue of negligence and dismissal of the affirmative defenses of contributory negligence.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying those parts of plaintiff's motion with respect to liability, including negligence, and those parts of plaintiff's motion seeking dismissal of the affirmative defenses that allege plaintiff's culpable conduct insofar as they are based on implied assumption of risk and as modified the order is affirmed without costs in accordance with the following Memorandum: Plaintiff commenced this action to recover damages for injuries she sustained while she was a patron at defendant Magruder's Restaurant & Pub Inc. (Magruder's). According to plaintiff, she was flipped, head over heels, during a bar trick performed by Matt Dombrowski (defendant), the owner of Magruder's. Plaintiff moved for partial summary judgment on liability and for dismissal of defendants' affirmative defenses to the extent that defendants alleged plaintiff's contributory negligence, i.e., her own culpable conduct, and assumption of risk, both implied and primary. By the order in appeal No. 1, Supreme Court granted those parts of the motion with respect to defendants' negligence, rather than liability, and with respect to the affirmative defenses of contributory negligence. By the order in appeal No. 2, the court treated plaintiff's motion for leave to reargue as one for leave to renew her prior motion with respect to the affirmative defense of assumption of risk and, upon renewal, granted the prior motion with respect to that affirmative defense.

We begin by addressing the order in appeal No. 2. We agree with defendants that the court erred upon renewal in granting plaintiff's prior motion insofar as it sought dismissal of the affirmative defense that alleges plaintiff's assumption of risk. We note at the outset that, contrary to plaintiff's contention, defendants raised the issue of implied assumption of risk in opposition to plaintiff's original motion and thus preserved their present contention for our review (*cf. Henner v Everdry Mktg. & Mgt., Inc.*, 74 AD3d 1776, 1777-1778).

We conclude on the record before us that there are triable issues of fact whether the doctrines of implied and primary assumption of risk may reduce or bar plaintiff's recovery. "Care must be taken to distinguish between two distinct doctrines of assumption of risk. The first[, i.e., implied assumption of risk,] is embraced within the CPLR article 14-A concept of 'culpable conduct attributable to the [plaintiff]' . . . It is akin to comparative negligence; it does not bar recovery, but diminishes recovery in the proportion to which it contributed to the injuries . . . [In contrast, however,] . . . 'primary' assumption of risk is not a measure of plaintiff's comparative fault, but a measure of the defendant's duty of care. Primary assumption of risk eliminates or reduces the tortfeasor's duty of care to the plaintiff and, in the former case, constitutes a complete bar to recovery" (*Lamey v Foley*, 188 AD2d 157, 162-163 [citations omitted]). Here, the court erred, upon renewal, in granting plaintiff's prior motion with respect to the affirmative defense of assumption of risk insofar as it concerns plaintiff's implied assumption of risk because the record contains evidence submitted by defendants that raises a triable issue of fact whether plaintiff engaged in "a voluntary encounter with a known risk of harm" (*Beadleston v American Tissue Corp*., 41 AD3d 1074, 1076). Furthermore, "[u]nder the particular circumstances of this case, there are [triable] issues of fact as to whether the doctrine of primary assumption of . . . risk is applicable to" plaintiff's participation in a bar trick performed by defendant (*Berfas v Town of Oyster Bay*, 286 AD2d 466; *cf. Trupia v Lake George Cent. School Dist.*, 14 NY3d 392). We therefore reverse the order in appeal No. 2 insofar as appealed from, deny the motion upon renewal seeking dismissal of the affirmative defense of assumption of risk, and reinstate that affirmative defense.

With respect to the order in appeal No. 1, in support of the motion plaintiff submitted, inter alia, defendant's deposition testimony and other evidence establishing that plaintiff was free from contributory negligence (*see generally Hinds v Wal-Mart Stores, Inc., 52 AD3d 1218, 1218-1219; Lopez v WS Distrib., Inc*., 34 AD3d 759, 760), and defendants failed to raise a triable issue of fact with respect to that issue (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Although in their answer defendants expressly raised only plaintiff's culpable conduct in their affirmative defenses alleging contributory negligence, culpable conduct in fact includes both contributory negligence and implied assumption of risk (*see generally* CPLR 1411). Inasmuch as we have previously held that there is a triable issue of fact with respect to plaintiff's implied assumption

of risk, we affirm the order in appeal No. 1 insofar as it grants that part of plaintiff's motion with respect to contributory negligence only, and we modify the order by denying that part of the motion with respect to plaintiff's implied assumption of risk and reinstating that part of the defense.

Furthermore, because there is a triable issue of fact with respect to the defense of primary assumption of risk, the court erred in granting, by the order in appeal No. 1, that part of plaintiff's motion seeking partial summary judgment on the issue of defendants' negligence. With regard to that defense, primary " 'assumption of risk . . . is really a *principle of no duty*, or no negligence and so *denies the existence of any underlying cause of action*' " (*Morgan v State of New York*, 90 NY2d 471, 485). Thus, "when a plaintiff assumes the risk of participating in a sporting [or recreational] event, 'the defendant is relieved of legal duty to the plaintiff; and being under no duty, [the defendant] cannot be charged with negligence' " (*Cotty v Town of Southampton*, 64 AD3d 251, 254, quoting *Turcotte v Fell*, 68 NY2d 432, 438). We therefore further modify the order in appeal No. 1 by denying in its entirety that part of plaintiff's motion seeking partial summary judgment on liability.

Entered:  April 29, 2011                          Patricia L. Morgan
                                                  Clerk of the Court