*825 In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, AutoOne Insurance Company appeals from an order of the Supreme Court, Kings County (Kurtz, Ct. Atty. Ref.), dated December 3, 2012, which, after a framed issue hearing, denied the petition.
Ordered that the order is affirmed, with costs.
When an insurer disclaims coverage, “the notice of disclaimer must promptly apprise the claimant with a high degree of specificity of the ground or grounds on which the disclaimer is predicated” (General Acc. Ins. Group v Cirucci, 46 NY2d 862, 864 [1979]). “It is only in the event of noncompliance by both the insured and the injured claimant that the insurer may validly disclaim against the injured party” (American Tr. Ins. Co. v Sartor, 3 NY3d 71, 77 n 2 [2004]). A disclaimer of coverage based only on the insured’s failure to comply with the notice provisions of a policy is ineffective against the injured party and the insurer will be precluded from subsequently disclaiming coverage on the ground that the injured party failed to comply with the policy’s notice provisions (see General Acc. Ins. Group v Cirucci, 46 NY2d at 864; Loeffler v Sirius Am. Ins. Co., 82 AD3d 1172, 1173 [2011]; Vacca v State Farm Ins. Co., 15 AD3d 473, 474-475 [2005]; Hereford Ins. Co. v Mohammod, 7 AD3d 490, 491 [2004]; Matter of State Farm Mut. Auto. Ins. Co. v Joseph, 287 AD2d 724, 724-725 [2001]; Hazen v Otsego Mut. Fire Ins. Co., 286 AD2d 708, 709 [2001]; Vanegas v Nationwide Mut. Fire Ins. Co., 282 AD2d 671, 671 [2001]; Eagle Ins. Co. v Ortega, 251 AD2d 282, 283 [1998]; United States Liab. Ins. Co. v Young, 186 AD2d 644, 645 [1992]).
Contrary to the appellant’s contention, the disclaimer of coverage sent by the respondent New Hampshire Insurance Company (hereinafter NHIC), was not based solely on the insured’s failure to comply with the notice requirements of the subject policy (compare Loeffler v Sirius Am. Ins. Co., 82 AD3d at 1173), and it was otherwise sufficient to specifically apprise the injured claimant that “noncompliance by both the insured and the injured claimant” provided the basis for the disclaimer against the injured claimant (American Tr. Ins. Co. v Sartor, 3 NY3d at 77 n 2; compare Vanegas v Nationwide Mut. Fire Ins. Co., 282 AD2d at 671; Matter of State Farm Mut. Auto. Ins. Co. v Cooper, 303 AD2d 414, 414 [2003]). Contrary to the appellant’s further contentions, NHIC established that it was prejudiced by the injured claimant’s failure to provide timely notice (see Vacca v State Farm Ins. Co., 15 AD3d at 474-475), and NHIC’s disclaimer of coverage was timely (see O’Garro v *826 State Farm Fire & Cas. Ins. Co., 96 AD3d 1027, 1028 [2012]). Accordingly, the Supreme Court properly denied the petition. Dillon, J.E, Sgroi, Cohen and Miller, JJ., concur.