■ PENNSYLVANIA MILLERS MUTUAL INSURANCE COMPANY, Appellant, v CHERYL SORRENTINO et al., Respondents. [657 NYS2d 62] —In an action for a judgment declaring that the plaintiff is not obligated to defend and indemnify the defendant Cheryl Sorrentino with respect to a personal injury action brought against her by the defendant James Sorrentino, the plaintiff appeals from a judgment of the Supreme Court, Orange County (Owen, J.), entered June 17, 1996, which, upon an order of the same court dated April 11, 1996, which denied the plaintiff's motion for summary judgment and granted the defendants' motion for summary judgment, *inter alia,* awarded judgment in favor of the defendants and directed it to defend and, if necessary, indemnify the defendant Cheryl Sorrentino in the underlying personal injury action.

Ordered that the judgment is affirmed, with costs payable to the defendant James Sorrentino.

On July 16, 1984, the defendant James Sorrentino was injured in an accident. The plaintiff received written notice of that accident on August 11, 1994, after having received oral notification from Mr. Sorrentino's attorney on August 9, 1994. After the August 9th telephone conversation with Mr. Sorrentino's attorney, a claims examiner immediately conducted an investigation which revealed that the plaintiff had never previously received notice of the incident. The plaintiff received a copy of the summons and complaint in Mr. Sorrentino's negligence action on September 28, 1994. The plaintiff sent a letter dated October 6, 1994, to its insured, the defendant Cheryl Sorrentino, in which it, *inter alia,* reserved its right to disclaim coverage based upon the untimely notice of the incident. On November 1, 1994, the plaintiff commenced this declaratory judgment action.

The Supreme Court properly concluded that the plaintiff's delay in disclaiming coverage was unreasonable. As found by the court, the plaintiff had the necessary information by mid-August 1994 to disclaim coverage based upon the insured's failure to provide timely notice of the incident, yet it did not do so until it commenced this declaratory judgment action. The October 6, 1994, reservation of rights letter did not constitute a written notice of disclaimer in compliance with Insurance Law § 3420 (d) *(see, Zappone v Home Ins. Co.,* 55 NY2d 131, 135). Inasmuch as the plaintiff failed to offer an adequate explanation for its delay in disclaiming coverage *(see, Mount Vernon Fire Ins. Co. v Gatesington Equities,* 204 AD2d 419), it is obligated to defend and, if necessary, indemnify Mrs. Sorrentino. Mangano, P. J., Ritter, Altman and McGinity, JJ., concur.