■ JOAN SISCO, Appellant, v NATIONS TITLE INSURANCE OF NEW YORK, INC., Respondent. [718 NYS2d 82] —In an action to recover damages for breach of a title insurance policy and for a declaration that the defendant is obligated to indemnify the plaintiff for claims brought against the subject property in an underlying action, and for the costs of defending that action, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Bucaria, J.), entered February 29, 2000, which denied her motion for partial summary judgment on the issue of liability, granted the defendant's cross motion for summary judgment dismissing the complaint, and dismissed the complaint.

Ordered that the order and judgment is modified, on the law, by deleting the provisions thereof granting the defendant's cross motion for summary judgment and dismissing the com-

plaint and substituting therefor a provision denying the cross motion; as so modified, the order and judgment is affirmed, without costs or disbursements.

The title insurance policy in issue states that the plaintiff's decedent procured the subject title insurance policy in 1965, when he and his former wife, as "Co-Trustees for Edward Sisco, Jr." and his named siblings, transferred three of the four parcels in issue to the plaintiff's decedent. Before the policy was issued, the plaintiff's decedent and his former wife, at the insistence of the title insurance carrier, executed affidavits that "no trust agreement ever was executed or entered into." The policy contained a general exclusion for any "interests, defects, objections, liens or incumbrances created, suffered, assumed or agreed to, by or with the privity of the insured," but no specific exception for any interest claimed by Edward Sisco, Jr., or his siblings. When coverage was reduced in 1975, the title insurance carrier insisted that the plaintiff's decedent provide deeds from Edward Sisco, Jr., and each of his siblings, conveying any interest they may have had in the subject property to the plaintiff's decedent, and those deeds were provided.

After the decedent's death in 1994, Edward Sisco, Jr., commenced the underlying action, *inter alia*, to recover title and possession of the subject property pursuant to the purported trust, and filed a notice of pendency against the property. The plaintiff asked the defendant to defend, but, by letter dated May 17, 1994, the defendant disclaimed any duty to defend, on the ground that "[s]ince the trust declaration was never created * * * the issues raised by the plaintiff as to the trust property, powers of the trustees to convey, etc., are moot." After the underlying action was settled for $375,000, the plaintiff brought the instant action to recover damages.

In support of her motion for summary judgment, the plaintiff submitted, *inter alia*, the copy of a recorded deed from 1960, from the plaintiff's decedent and his former wife to the plaintiff's decedent and his former wife as "Co-Trustees for Edward Sisco, Jr." and his named siblings. The defendant cross-moved for summary judgment dismissing the complaint. The Supreme Court granted the cross motion. We conclude that there are issues of fact which preclude the granting of summary judgment.

The defendant initially denied coverage on the ground that the claims against the property were without merit because no trust was ever created. This was an inadequate basis for refusing to defend in the underlying action (*see, Fitzpatrick v American Honda Motor Co.,* 78 NY2d 61, 63). Moreover, the original

disclaimer failed to alert the plaintiff that the defendant was denying coverage based upon a general exclusion in the policy for interests "created, suffered, assumed or agreed to, by or with the privity of the insured." The general exclusion was not asserted as a basis for denying coverage until years later, after the underlying action was settled. The defendant's failure to assert the general exclusion in its original disclaimer letter may give rise to an estoppel, if the plaintiff suffered prejudice (*see, New York Univ. v Continental Ins. Co.,* 87 NY2d 308, 323; *Guberman v William Penn Life Ins. Co.,* 146 AD2d 8, 9). Here, the insured may have suffered prejudice since the complaint in the underlying action raised issues of title (*see, Frontier Insulation Constrs. v Merchants Mut. Ins. Co.,* 91 NY2d 169, 175), and the grounds originally asserted by the insurance carrier for disclaiming coverage were plainly inadequate.

Further, this Court has held that "a defect arising from the rights of a person whose interest appears in the chain of title must be covered unless specifically excepted" (*Herbil Holding Co. v Commonwealth Land Tit. Ins. Co.,* 183 AD2d 219, 226; *see, Smirlock Realty Corp. v Title Guar. Co.,* 52 NY2d 179). The record contains a copy of a recorded deed, which predates issuance of the policy, from the plaintiff's decedent and his former wife to the plaintiff's decedent and his former wife, as "Co-Trustees for Edward Sisco, Jr." and his named siblings. The policy in issue recites that deeds were issued by the plaintiff's decedent and his former wife as "Co-Trustees" but contains no specific exception for the claims relating to the purported trust.

In view of the foregoing, there are questions of fact which preclude the granting of summary judgment with respect to both the insurance carrier's duty to defend and its duty to indemnify (*see, Servidone Constr. Corp. v Security Ins. Co.,* 64 NY2d 419). O'Brien, J. P., Goldstein, Florio and McGinity, JJ., concur.