ROBERTO HERNANDEZ et al., Appellants, v AMERICAN TRANSIT INSURANCE COMPANY, Respondent. [768 NYS2d 362]—

In an action pursuant to Insurance Law § 3420 (a) (2) to recover on two unsatisfied judgments entered against the defendant's insureds, the plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Hart, J.), dated June 10, 2003, as denied their motion for summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs commenced this action pursuant to Insurance Law § 3420 (a) (2) to recover on two unsatisfied judgments they obtained against the defendant's insureds on default. In its answer, the defendant asserted that the judgments in the underlying action were void and unenforceable.

A valid and enforceable judgment is a condition precedent to maintaining an action pursuant to Insurance Law § 3420 (a) (2) (*see Braddy v Allcity Ins. Co.,* 282 AD2d 637 [2001]). A judgment entered through fraud, misrepresentation, or other misconduct practiced on the court is a nullity and is subject to collateral attack (*see Sirota v Kloogman,* 140 AD2d 426 [1988]; *Shaw v Shaw,* 97 AD2d 403 [1983]). The evidence presented by the defendant in opposition to the plaintiffs' motion for summary judgment was sufficient to raise a triable issue of fact as to whether the plaintiffs had a basis upon which to enter the judgments. Accordingly, the plaintiffs' motion for summary judgment was properly denied. Santucci, J.P., Goldstein, Schmidt and Cozier, JJ., concur.