■ Karol Prus, Plaintiff, v Glencott Realty Corp., Defendant and Third-Party Plaintiff-Respondent. Asbestway Abatement Corp., Third-Party Defendant; Insurance Corporation of New York, Third-Party Defendant-Appellant. [780 NYS2d 499]—

In an action, inter alia, to recover damages for personal

injuries, the third-party defendant Insurance Corporation of New York appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (D. Schmidt, J.), dated February 4, 2003, as denied that branch of its cross motion which was for summary judgment dismissing the third-party complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action, inter alia, to recover damages for personal injuries allegedly sustained on November 11, 1999, at the workplace of the defendant third-party plaintiff, while the plaintiff was employed by the third-party defendant Asbestway Abatement Corp. (hereinafter AAC). At the time of the accident, AAC was covered under a general liability insurance policy issued by the appellant. The defendant commenced a third-party action against AAC and the appellant.

On the cross motion for summary judgment, the appellant contended that it timely disclaimed coverage of the accident based upon the insured's failure to immediately send it a copy of the summons and complaint in the action. However, by letter dated April 17, 2000, the appellant received notice that the action was pending. On June 19, 2000, the appellant disclaimed coverage solely based upon the insured's failure to promptly notify it of the action. This disclaimer was untimely as a matter of law (*see Pennsylvania Millers Mut. Ins. Co. v Sorrentino,* 238 AD2d 491 [1997]; *Matter of Allstate Ins. Co. v Souffrant,* 221 AD2d 434 [1995]; *Matter of Aetna Cas. & Sur. Co. v Rosen,* 205 AD2d 684 [1994]; *Matter of Nationwide Mut. Ins. Co. v Steiner,* 199 AD2d 507 [1993]). An insurer's justification for denying coverage is strictly limited to the grounds stated in the notice of disclaimer (*see General Acc. Ins. Group v Cirucci,* 46 NY2d 862 [1979]). Accordingly, an insurer, which denied coverage on a specific ground, may not later deny coverage on another ground known to it at the time of its disclaimer (*see Sisco v Nations Tit. Ins. of N.Y.,* 278 AD2d 479 [2000]; *Hubbell v Trans World Life Ins. Co. of N.Y.,* 54 AD2d 94 [1976]). Since the appellant knew at the time of its disclaimer that it had not received a copy of the summons and complaint, and based its disclaimer upon the insured's failure to promptly notify it of the action and not on this alternate ground, the appellant could not later rely upon this alternate ground to disclaim coverage. Smith, J.P., Krausman, Adams and Skelos, JJ., concur.