█ STATE FARM FIRE AND CASUALTY COMPANY, Appellant, v ALICE BROWNE, Respondent. [842 NYS2d 531]—In an action for a judgment declaring the rights and obligations of the parties under certain policies of insurance, the plaintiff appeals from an order of the Supreme Court, Westchester County (LaCava, J.), entered December 19, 2005, which denied that branch of its motion which was for summary judgment dismissing the defendant's second counterclaim to recover damages for breach of a rental dwelling insurance policy and granted the defendant's cross motion for summary judgment on the second counterclaim

to the extent of awarding summary judgment in favor of the defendant on the issue of liability and directing an inquest on the issue of damages with respect to that counterclaim.

Ordered that the appeal from so much of the order as directed an inquest on the issue of damages with respect to the second counterclaim is dismissed as academic; and it is further,

Ordered that the order is affirmed insofar as reviewed, with costs.

The defendant is the owner of certain property in Scarsdale which she leased to a tenant for a two-year term beginning on September 9, 2000 and ending on August 31, 2002. The plaintiff had issued a rental dwelling insurance policy to the defendant (hereinafter the policy) which covered the subject property, and a renter's policy to the defendant's tenant on which the defendant was an additional insured. The policy provided liability coverage and, inter alia, contained a provision entitled "COVERAGE C—LOSS OF RENTS" (hereinafter the provision) which expressly provided coverage for loss of rents attributable to the leased premises becoming uninhabitable.

Prior to the end of the lease term, in or about June 2001, the defendant's tenant discovered unsafe levels of lead paint on the premises, terminated the lease, and thereafter vacated the premises. On or about July 2, 2001 the plaintiff sent a letter to the defendant by which it purported to disclaim coverage under the policy for "*abatement* of the lead in your rental dwelling" and "[l]iability [c]overage for *bodily injury* sustained on the premises" (emphasis added). Moreover, on August 29, 2001, the premises were determined to be uninhabitable by the Department of Health of the County of Westchester due to elevated levels of lead, resulting allegedly from painting which occurred during the lease term. The Department of Health did not lift its prohibition against habitation until September 5, 2002, subsequent to the expiration of the lease term.

In or about mid-April 2002 the defendant's tenant commenced an action against the defendant (hereinafter the underlying action) alleging breach of the warranty of habitability, breach of the lease, and constructive eviction, all of which were predicated on the lead-paint contamination. On or about July 2, 2002 the defendant's attorney sent a letter to the defendant's insurance broker, which was copied to the plaintiff, requesting "coverage under the two policies issued to her." The summons and complaint in the underlying action were annexed to this letter dated July 2, 2002. By letter dated July 30, 2002, the plaintiff purported to disclaim coverage under the subject policies as to the claims interposed against the defendant in the underlying action.

In August 2002 the plaintiff commenced this action for a judgment declaring the rights and obligations of the parties under the subject policies of insurance. On or about September 19, 2002 the defendant submitted an answer with six counterclaims. The second counterclaim sought to recover damages for the plaintiff's breach of the provision in the policy. The defendant sought to recover damages for the loss of rental income relating to the tenant's vacatur of the premises. The reply interposed by the plaintiff on or about October 10, 2002 did not contain any denials of the allegations constituting the defendant's second counterclaim.

The plaintiff moved, inter alia, for summary judgment dismissing the defendant's second counterclaim. The defendant cross-moved for summary judgment on her second counterclaim to recover damages for lost rental income in the amount of $66,000. The Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment dismissing the second counterclaim and properly granted the defendant's cross motion for summary judgment on the second counterclaim to the extent of awarding summary judgment in favor of the defendant on the issue of liability.

The governing terms of the policy expressly contemplated coverage for loss of rents attributable to the leased premises becoming uninhabitable. Under the circumstances here, there was an inadequate disclaimer by the plaintiff as to the defendant's claim for loss of rents under the Policy (see *General Acc. Ins. Group v Cirucci*, 46 NY2d 862 [1979]; *Sisco v Nations Tit. Ins. of N.Y.*, 278 AD2d 479 [2000]). The plaintiff 's letter dated July 2, 2001 made no mention of disclaiming coverage for loss of rents. Similarly, the plaintiff's letter dated July 30, 2002 to the defendant disclaimed coverage only as to the claims asserted by the tenant "as detailed in the [tenant's] complaint." Given the plaintiff's awareness of the tenant's vacatur of the premises, coupled with the July 2, 2002 demand by the defendant's attorney for coverage under both policies, the plaintiff's letter dated July 30, 2002 did not constitute an adequate disclaimer of coverage for loss of rents. Accordingly, the Supreme Court properly determined that the plaintiff was liable to the defendant on her second counterclaim.

The appeal from so much of the order as directed an inquest on the issue of damages with respect to the second counterclaim must be dismissed as it has been rendered academic by the entry of a subsequent order on June 22, 2006 in which the Supreme Court, in effect, vacated that portion of the order which directed an inquest on the issue of damages with respect to the second counterclaim.

The plaintiff's remaining contentions have been rendered academic or are without merit. Crane, J.P., Goldstein, Fisher and Lifson, JJ., concur.