SECOND DEPARTMENT, OCTOBER, 2008

(October 7, 2008)

■ JUNYA ADAMES, Appellant, v NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Respondent. [866 NYS2d 210]—

In an action pursuant to Insurance Law § 3420 (a) (2) to recover an unsatisfied judgment against the defendant's insured, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated February 1, 2008, as denied her motion for summary judgment on the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff's motion for summary judgment on the complaint is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of judgment in favor of the plaintiff and against the defendant in the principal sum of $152,505.50.

The plaintiff Junya Adames allegedly was injured when she fell after slipping on ice on a sidewalk in front of a commercial building owned by Charles Bobrowsky. At the time of the accident, Bobrowsky was covered under a homeowners insurance policy and a personal umbrella insurance policy issued by the defendant, Nationwide Mutual Fire Insurance Company (hereinafter Nationwide). The homeowners policy, which had a personal liability limit of $300,000 per occurrence, provided both property coverage for Bobrowsky's residence and personal liability coverage, while the umbrella policy provided excess liability coverage. Nationwide sent a disclaimer letter to Bobrowsky and Adames's attorney, denying coverage under both policies. The disclaimer letter relied upon the definition of "insured location" appearing in the homeowners policy, and the definition of "business property," as well as an exclusion applicable to "occurrence[s] arising out of the business pursuits or business property of an insured," appearing in the umbrella policy.

Adames commenced a personal injury action against Bobrowsky, and obtained a default judgment against him in the amount of $152,505.50. Adames served the judgment upon Bobrowsky and Nationwide, and when the judgment remained unsatisfied for more than 30 days, Adames commenced this action, pursuant to Insurance Law § 3420 (a) (2), to recover the amount of the judgment from Nationwide. In opposition to

Adames's motion for summary judgment on the complaint, Nationwide cited two exclusions appearing in the homeowners policy, one relating to injuries "arising out of business pursuits of an insured," and the other relating to injuries "arising out of the rental or holding for rental of any part of any premises by an insured." Adames now appeals from so much of an order of the Supreme Court as denied her motion for summary judgment. On appeal, Nationwide relies exclusively upon the two exclusions appearing in the homeowners policy.

A notice of disclaimer "must promptly apprise the claimant with a high degree of specificity of the ground or grounds on which the disclaimer is predicated" (*General Acc. Ins. Group v Cirucci,* 46 NY2d 862, 864 [1979]; *see* Insurance Law § 3420 [d]), and "[a]n insurer's justification for denying coverage is strictly limited to the ground stated in the notice of disclaimer" (*Shell v Fireman's Fund Ins. Co.,* 17 AD3d 444, 446 [2005]; *see Pawley Interior Contr., Inc. v Harleysville Ins. Cos.,* 11 AD3d 595 [2004]; *Prus v Glencott Realty Corp.,* 10 AD3d 390 [2004]). Thus, an insurer waives any ground for denying coverage that is not specifically asserted in its notice of disclaimer, even if that ground would otherwise have merit (*see General Acc. Ins. Group v Cirucci,* 46 NY2d at 864; *Vacca v State Farm Ins. Co.,* 15 AD3d 473 [2005]; *Pawley Interior Contr., Inc. v Harleysville Ins. Cos.,* 11 AD3d at 596).

In its disclaimer letter, Nationwide relied upon the homeowners policy's definition of "insured location," which was not a valid basis for denying coverage, since Adames's accident triggered the policy's liability coverage, which was not limited to any particular location, not its property coverage. Nationwide further relied upon the umbrella policy's definition of, and exclusion relating to, "business property." The provisions of the umbrella policy are not relevant in the instant action, since the judgment Adames seeks to have satisfied does not exceed the liability limit of the homeowners policy, and thus the umbrella policy's excess liability coverage is not triggered. The homeowners policy's exclusions relating to business pursuits and rental property, upon which Nationwide now relies, were not mentioned in Nationwide's disclaimer letter, and thus have been waived. The disclaimer letter cited a different exclusion, which rested on a different definition and appeared in a different insurance policy.

Accordingly, since Nationwide had no valid basis upon which to deny coverage, Adames was entitled to summary judgment on the complaint. Prudenti, P.J., Santucci, McCarthy and Chambers, JJ., concur.