■ ABILITY TRANSMISSION, INC., Respondent, v JOHN'S TRANSMISSION, INC., et al., Appellants. [55 NYS3d 367]—

In an action, inter alia, for a judgment declaring that the defendant Merchants Mutual Insurance Company is obligated to defend and indemnify the plaintiff in an underlying personal injury action entitled *Crescimano v Ability Transmission, Inc.*, pending in the Supreme Court, Suffolk County, under Index No. 33708/12, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Rouse, J.), dated March 23, 2015, as granted that branch of the plaintiff's motion which was for summary judgment, in effect, declaring that the defendant Merchants Mutual Insurance Company is so obligated, and denied their cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court,

Suffolk County, for the entry of a judgment declaring that the defendant Merchants Mutual Insurance Company is obligated to defend and indemnify the plaintiff in the underlying personal injury action.

In May 2012, Susan Crescimano allegedly was injured when she tripped and fell in a pothole in the parking lot of John's Transmission, Inc. (hereinafter John's), which leased the premises from Ability Transmission, Inc. (hereinafter Ability). Crescimano then commenced a personal injury action against Ability and others (hereinafter the underlying action).

John's had purchased insurance from Merchants Mutual Insurance Company (hereinafter Merchants), which named Ability as an additional insured. Ability sought defense and indemnification in the underlying action from Merchants. Merchants purported to disclaim coverage by letter dated June 28, 2012, and Ability thereafter commenced this action, inter alia, for a judgment declaring that Merchants was obligated to defend and indemnify it in the underlying action.

Ability moved for summary judgment on the complaint, and Merchants and John's cross-moved for summary judgment dismissing the complaint. The Supreme Court, inter alia, granted that branch of Ability's motion which was, in effect, for summary judgment declaring that Merchants was obligated to defend and indemnify it in the underlying action, and denied the cross motion. Merchants and John's appeal.

When an insurer disclaims coverage for death or bodily injury arising out of an accident, "the notice of disclaimer must promptly apprise the claimant with a high degree of specificity of the ground or grounds on which the disclaimer is predicated" (*General Acc. Ins. Group v Cirucci*, 46 NY2d 862, 864 [1979]; *see* Insurance Law § 3420 [d]). "An insurer's justification for denying coverage is strictly limited to the ground stated in the notice of disclaimer" (*Shell v Fireman's Fund Ins. Co.*, 17 AD3d 444, 446 [2005]; *see Adames v Nationwide Mut. Fire Ins. Co.*, 55 AD3d 513, 515 [2008]). "Thus, an insurer waives any ground for denying coverage that is not specifically asserted in its notice of disclaimer, even if that ground would otherwise have merit" (*Adames v Nationwide Mut. Fire Ins. Co.*, 55 AD3d at 515).

In its disclaimer letter, Merchants stated, in relevant part, that Ability was not named as an additional insured under the insurance policy, a statement that was factually incorrect. Contrary to Merchants' contention, the exclusion upon which Merchants now relies was not mentioned in its disclaimer letter and, therefore, any argument based on that exclusion has been waived (*see id.*).

The remaining contentions of Merchants and John's are without merit.

Accordingly, Merchants and John's failed to establish their prima facie entitlement to judgment as a matter of law. Therefore, the Supreme Court properly denied their cross motion regardless of the sufficiency of Ability's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Conversely, Ability established its prima facie entitlement to judgment as a matter of law. In opposition, Merchants and John's failed to raise a triable issue of fact (*see BRP Constr. Group, LLC v Greenwich Ins. Co.*, 106 AD3d 680 [2013]; *Medrano v State Farm Fire & Cas. Co.*, 54 AD3d 662 [2008]).

Since the complaint asserts a cause of action for a declaratory judgment, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment declaring that Merchants is obligated to defend and indemnify Ability in the underlying action in accordance with the terms of the subject insurance policy (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]; *BRP Constr. Group, LLC v Greenwich Ins. Co.*, 106 AD3d 680 [2013]). Mastro, J.P., Chambers, Roman and Connolly, JJ., concur.