Bahnuk v Countryway Ins. Co. (2023 NY Slip Op 01554)

Bahnuk v Countryway Ins. Co.

2023 NY Slip Op 01554

Decided on March 23, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 23, 2023

534188
[*1]Paul Bahnuk, Respondent-Appellant,
v
Countryway Insurance Company, Appellant-Respondent.

Calendar Date:January 18, 2023

Before:Egan Jr., J.P., Lynch, Aarons, Ceresia and Fisher, JJ.

Hancock Estabrook, LLP, Syracuse (Alan J. Pierce of counsel), for appellant-respondent.
Stanley Law Offices, Syracuse (Anthony R. Martoccia of counsel), for respondent-appellant.

Ceresia, J.
Cross-appeals from an order of the Supreme Court (Eugene D. Faughnan, J.), entered September 28, 2021 in Broome County, which denied plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment dismissing the complaint.
Plaintiff, an emergency medical technician, was responding to a call at a residence in the City of Binghamton, Broome County when he allegedly fell and suffered injuries. As a result, plaintiff commenced a personal injury action against Pauline Williams, the property owner, and then sent a copy of the complaint to defendant, the insurance company that had provided a homeowner's insurance policy for the property. By way of a detailed, six-page letter to Williams, defendant advised that it was disclaiming coverage and made reference to the specific policy exclusions upon which it was relying. That is, defendant explained that the property did not meet the definitions of "residence premises" or "insured location" as set forth in the policy, and further stated that the circumstances also fell within the exclusion pertaining to incidents arising out of a business on the premises. In that letter, defendant provided additional information as to why these exclusions applied under the circumstances.
Defendant corresponded separately with plaintiff, briefly stating in one sentence that there was no coverage available for his claim because the property did not constitute an "insured location" as defined by the policy. After plaintiff's attorney disputed this position, defendant followed up with a second letter indicating only that coverage was excluded "based upon the circumstances of the loss and the policy language."
In the absence of a defense provided by defendant, Williams proceeded with her own attorney. During the course of the litigation between plaintiff and Williams, the parties there agreed that Williams would sign a confession of judgment for $100,000 — the limit of Williams' policy with defendant — in exchange for plaintiff's agreement not to execute the judgment against Williams but, instead, to pursue a claim against defendant under Insurance Law § 3420 (a) (2). Plaintiff thereafter commenced the instant action against defendant, seeking satisfaction of the $100,000 judgment. Following discovery, the parties each moved for summary judgment, and Supreme Court denied both motions. In so doing, the court held that plaintiff had demonstrated, as a matter of law, that defendant failed to provide him with adequate notice of the bases for the disclaimer of coverage, such that defendant was precluded from relying on those policy exclusions. Despite that, however, the court found that a triable issue of fact remained with respect to whether plaintiff colluded with Williams to procure the confessed judgment. These cross-appeals ensued.
We affirm. Supreme Court properly determined that defendant's notice of disclaimer to plaintiff was insufficient. When an insurer seeks to disclaim coverage for bodily [*2]injury arising out of an accident, it must provide written notice of the disclaimer to both its insured and the injured party, and the notice must indicate with " 'a high degree of specificity . . . the ground or grounds on which the disclaimer is predicated' " (Ability Transmission, Inc. v John's Transmission, Inc., 150 AD3d 1056, 1057 [2d Dept 2017], quoting General Acc. Ins. Group v Cirucci, 46 NY2d 862, 864 [1979]; see Insurance Law § 3420 [d]). "Absent such specific notice, a claimant might have difficulty assessing whether the insurer will be able to disclaim successfully[, and this] uncertainty could prejudice the claimant's ability to ultimately obtain recovery" (General Acc. Ins. Group v Cirucci, 46 NY2d at 864).
Although defendant provided a detailed explanation to Williams as to its grounds for disclaiming coverage, no such detail was provided to plaintiff. Defendant made no mention at all in its letters to plaintiff of any policy exclusions concerning injuries arising out of a business conducted on the property or of the property's purported failure to meet the definition of "residence premises," thereby waiving its right to rely on such exclusions (see Ability Transmission, Inc. v John's Transmission, Inc., 150 AD3d at 1057; Adames v Nationwide Mut. Fire Ins. Co., 55 AD3d 513, 515 [2d Dept 2008]). As for the exclusion based on the property not qualifying as an "insured location," while defendant did reference this exclusion in its first letter to Williams, it failed to provide any additional information as to why the property did not satisfy that definition. In that regard, we note that, pursuant to the policy, the term "insured location" carries eight distinct definitions. In the absence of a more detailed explanation, plaintiff could not have been expected to know from the language in the letter why coverage was being disclaimed under this broad term.
Supreme Court also correctly found that there is a triable issue of fact with respect to whether the confessed judgment was the product of collusion between plaintiff and Williams. As a preliminary matter, defendant was not, as plaintiff contends, required to bring a plenary action or vacatur motion in order to attack the validity of the underlying judgment, because "[a] valid and enforceable judgment is a condition precedent to maintaining an action pursuant to Insurance Law § 3420 (a) (2) . . . [and a] judgment entered through fraud, misrepresentation, or other misconduct practiced on the court is a nullity and is subject to collateral attack" (Hernandez v American Tr. Ins. Co., 2 AD3d 584, 585 [2d Dept 2003] [internal citation omitted]).
Nevertheless, a question remains as to whether the negotiations between plaintiff and Williams in the underlying litigation amounted to such misconduct. On the one hand, it is true that, as defendant argues, Williams sought to avoid risk by agreeing to a confession of judgment in the precise amount of her insurance policy limit in exchange for [*3]an assurance that plaintiff would not seek to enforce the judgment against her, and this resolution occurred without any meaningful discovery having been undertaken. On the other hand, however, an agreement to cap damages in the amount of a policy limit is not unheard of in personal injury matters and does not necessarily mean that something untoward took place in the negotiations. Further, recognizing that plaintiff, as a consequence of his injuries, underwent a surgery and multiple hospitalizations and missed approximately 30 weeks of work, incurring a Workers' Compensation lien in excess of $60,000, it cannot be said that the agreed-upon amount of $100,000 was per se unreasonable. In addition, it is noted that the resolution was apparently negotiated by the lawyers for plaintiff and Williams and discussed with Supreme Court. Finally, unlike the cases relied upon by defendant, there is no indication, for example, that plaintiff and Williams were related to each other (compare Lane v Lane, 175 AD2d 103, 105-106 [2d Dept 1991]) or that Williams was promised a portion of plaintiff's potential recovery against defendant (compare Bond v Giebel, 101 AD3d 1340, 1342-1343 [3d Dept 2012], appeal & lv dismissed 21 NY3d 884 [2013]), circumstances that have led to findings that an agreement between the insured and the injured party was offensive to a "sense of justice and propriety" (id. at 1343). Under these circumstances, Supreme Court appropriately found that a factual question exists regarding the intentions and conduct of plaintiff and Williams, such that summary judgment was not warranted.
Egan Jr., J.P., Lynch, Aarons and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.