Union Mut. Fire Ins. Co. v 831 Quincy St., LLC (2024 NY Slip Op 03707)

Union Mut. Fire Ins. Co. v 831 Quincy St., LLC

2024 NY Slip Op 03707

Decided on July 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2020-03888
 (Index No. 611053/18)

[*1]Union Mutual Fire Insurance Company, appellant- respondent, 
v
831 Quincy Street, LLC, respondent, John Contreras, respondent-appellant, et al., defendants.

Hurwitz & Fine, P.C., Buffalo, NY (Mirna M. Santiago and Brian D. Barnas of counsel), for appellant-respondent.
Shayne, Dachs, New York, NY (Jonathan A. Dachs of counsel), for respondent-appellant.
Goldberger & Dubin, P.C., New York, NY (Stacey Van Malden of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendant 831 Quincy Street, LLC, in an underlying action entitled Contreras v 831 Quincy Street, LLC, pending in the Supreme Court, Kings County, under Index No. 504105/18, the plaintiff appeals, and the defendant John Contreras cross-appeals, from an order of the Supreme Court, Nassau County (Leonard D. Steinman, J.), entered April 20, 2020. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendants 831 Quincy Street, LLC, and John Contreras declaring that the plaintiff is not obligated to defend or indemnify any defendant in the underlying action. The order, insofar as cross-appealed from, denied that branch of the cross-motion of the defendant John Contreras which was for summary judgment declaring that the plaintiff is obligated to defend and indemnify the defendant 831 Quincy Street, LLC, in the underlying action.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, with costs to the defendant 831 Quincy Street, LLC, payable by the plaintiff.
The plaintiff, Union Mutual Fire Insurance Company, commenced this action, inter alia, for a judgment declaring that it is not obligated to defend or indemnify its insured, the defendant 831 Quincy Street, LLC (hereinafter 831 Quincy), in an underlying personal injury action entitled Contreras v 831 Quincy Street, LLC, pending in the Supreme Court, Kings County, under Index No. 504105/18 (hereinafter the underlying action). The plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against 831 Quincy and the defendant John Contreras declaring that it is not obligated to defend or indemnify any defendant in the underlying action. As is relevant to the appeal and cross-appeal, Contreras, the plaintiff in the underlying action, cross-moved, inter alia, for summary judgment declaring that the plaintiff is obligated to defend and indemnify 831 Quincy in the underlying action on the ground, among others, that the plaintiff failed [*2]to timely disclaim or deny coverage. In an order entered April 20, 2020, insofar as appealed from, the Supreme Court denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against 831 Quincy and Contreras declaring that the plaintiff is not obligated to defend or indemnify any defendant in the underlying action, and, insofar as cross-appealed from, the court denied that branch of the cross-motion of Contreras which was for summary judgment declaring that the plaintiff is obligated to defend and indemnify 831 Quincy in the underlying action.
Insurance Law § 3420(d)(2) requires an insurer to provide its insured and any other claimant with written notice of its disclaimer or denial of coverage as soon as is reasonably possible when a claim falls within the coverage terms but is denied based on a policy exclusion (see id.; QBE Ins. Corp. v Jinx-Proof Inc., 22 NY3d 1105, 1109). An effective disclaimer notice must detail with "'a high degree of specificity . . . the ground or grounds on which the disclaimer is predicated'" (Ability Transmission, Inc. v John's Transmission, Inc., 150 AD3d 1056, 1057, quoting General Acc. Ins. Group v Cirucci, 46 NY2d 862, 864). Thus, any ground for disclaimer that is not specifically asserted in its notice is waived (see Ability Transmission, Inc. v John's Transmission, Inc., 150 AD3d at 1057; Adames v Nationwide Mut. Fire Ins. Co., 55 AD3d 513, 515). The disclaimer notice must be unequivocal and unambiguous (see Norfolk & Dedham Mut. Fire Ins. Co. v Petrizzi, 121 AD2d 276, 277).
Here, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against 831 Quincy and Contreras declaring that it is not obligated to defend or indemnify any defendant in the underlying action, as the plaintiff failed to establish, prima facie, that no triable issues of fact exist as to whether it timely disclaimed or denied coverage (see 233 E. 17th St., LLC v L.G.B. Dev., Inc., 78 AD3d 930, 932; Pawley Interior Contr., Inc. v Harleysville Ins. Cos., 11 AD3d 595, 596). Since the plaintiff failed to make its prima facie showing, that branch of its motion was properly denied without regard to the sufficiency of the papers submitted in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The Supreme Court also properly denied that branch of Contreras's cross-motion which was for summary judgment declaring that the plaintiff is obligated to defend and indemnify 831 Quincy in the underlying action, as Contreras also failed to establish, prima facie, that there are no triable issues of fact as to whether the plaintiff timely disclaimed or denied coverage to 831 Quincy (see Fireman's Fund Ins. Co. v Farrell, 57 AD3d 721, 723).
DUFFY, J.P., FORD, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court