Shattuck v Dryden Mut. Ins. Co.
2026 NY Slip Op 03538
June 5, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

LOUIS SHATTUCK, INDIVIDUALLY AND AS ASSIGNEE OF CORY LISINSKI, DOING BUSINESS AS CNL CONSTRUCTION AND MAINTENANCE, PLAINTIFF-RESPONDENT-APPELLANT,
v
DRYDEN MUTUAL INSURANCE COMPANY, DEFENDANT-APPELLANT-RESPONDENT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 5, 2026
266 CA 24-01732
Present: Montour, J.P., Ogden, Nowak, And Hannah, JJ.

BARCLAY DAMON LLP, ROCHESTER (MARK T. WHITFORD, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT.
SCOTT R. ORNDOFF, BUFFALO, FOR PLAINTIFF-RESPONDENT-APPELLANT.

Appeal and cross-appeal from an order of the Supreme Court, Erie County (Paula L. Feroleto, J.), entered September 18, 2024. The order, among other things, granted in part plaintiff's motion for summary judgment and granted in part defendant's cross-motion for summary judgment.
[*1]
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting that part of plaintiff's motion seeking summary judgment against defendant with respect to damages up to the policy limit and denying that part of defendant's cross-motion seeking to dismiss the first through fourth causes of action to the extent they allege bad faith and reinstating those causes of action in their entirety and as modified the order is affirmed without costs.
Memorandum: Plaintiff was injured while performing construction work using the tools and equipment of Cory Lisinski, doing business as CNL Construction and Maintenance (Lisinski). Lisinski was insured by defendant, Dryden Mutual Insurance Company. Lisinski notified defendant of the accident but defendant disclaimed coverage based on, inter alia, lack of coverage for liability under the Workers' Compensation Law. Plaintiff commenced a personal injury action naming Lisinski as a defendant and, following a damages inquest, obtained a default judgment in the amount of $2,841,782. Lisinski assigned to plaintiff any and all rights, claims, and interests that Lisinski had against defendant arising from the personal injury action.
Plaintiff then brought a direct action against defendant, suing individually and as assignee of Lisinski, as an injured person/judgment creditor pursuant to Insurance Law § 3420 (a) (2) and (b) (1). Plaintiff moved for summary judgment on the complaint, seeking, inter alia, a finding of liability under section 3420 (a) (2) for damages up to the policy limit. Defendant cross-moved for summary judgment dismissing the complaint. Supreme Court concluded that defendant was liable under section 3420 (a) (2) but directed a new damages inquest in the interest of justice to allow the participation of defendant's counsel. The court further dismissed plaintiff's bad faith claims. The court thus partially granted plaintiff's motion, partially granted defendant's cross-motion, and otherwise denied the cross-motion. Defendant appeals, as limited by its brief, from the order to the extent that it denied the cross-motion in part, and plaintiff cross-appeals from the order to the extent that it directed a new damages inquest and granted the cross-motion in part.
Defendant contends in its appeal that the court should have granted its cross-motion to dismiss the complaint in its entirety because Lisinski failed to forward to defendant the papers concerning the underlying default proceeding. We reject defendant's contention. An insurer's "duty to defend is exceedingly broad and an insurer will be called upon to provide a defense whenever the allegations of the complaint suggest . . . a reasonable possibility of coverage" [*2](Automobile Ins. Co. of Hartford v Cook, 7 NY3d 131, 137 [2006] [internal quotation marks omitted]). "If, liberally construed, the claim is within the embrace of the policy, the insurer must come forward to defend its insured no matter how groundless, false or baseless the suit may be" (id.; see also National Union Fire Ins. Co. of Pittsburgh, Pa. v City of Oswego, 295 AD2d 905, 905-906 [4th Dept 2002]). Here, the complaint in the underlying personal injury action alleged that plaintiff was an employee of Lisinski but also included the alternative allegation that plaintiff was an independent contractor. Thus, defendant was required at least to provide Lisinski with a defense (see Automobile Ins. Co. of Hartford, 7 NY3d at 137). Instead, defendant disclaimed coverage on the ground, inter alia, that plaintiff was an employee and therefore a policy exclusion precluded coverage inasmuch as plaintiff would be covered by a workers' compensation claim.
Defendant's disclaimer constituted a repudiation by defendant inasmuch as "[a]n anticipatory breach of contract by a promisor is a repudiation of [its] contractual duty before the time fixed in the contract for . . . performance has arrived" (Audthan LLC v Nick & Duke, LLC, 42 NY3d 292, 303 [2024] [internal quotation marks omitted]; see also Norcon Power Partners, L.P. v Niagara Mohawk Power Corp., 92 NY2d 458, 462-463 [1998]). Repudiation requires "some express and absolute refusal to perform . . . that is positive and unequivocal" (Audthan LLC, 42 NY3d at 303 [internal quotation marks omitted]) and it "may result in numerous ways; among others, from the sending of a letter denying all liability and refusing to pay the loss" (Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn., 63 NY2d 201, 217 [1984]). Here, in light of defendant's repudiation, Lisinski was excused "from further performance on his part of the conditions of the [insurance policy]," including forwarding to defendant the suit papers regarding the default proceeding (Bornas v Standard Acc. Ins. Co. of Detroit, Mich., 5 AD2d 96, 102 [4th Dept 1958] [internal quotation marks omitted]; see Auerbach v Otsego Mut. Fire Ins. Co., 36 AD3d 840, 842 [2d Dept 2007]). The court thus did not err when it refused to grant the cross-motion in its entirety.
Defendant further contends in its appeal that the court should have granted its cross-motion to dismiss the complaint in its entirety for the additional reason that the default judgment is invalid and unenforceable because it was procured through misconduct. We reject that contention. " '[A] valid and enforceable judgment is a condition precedent to maintaining an action pursuant to Insurance Law § 3420 (a) (2) . . . [and a] judgment entered through fraud, misrepresentation, or other misconduct practiced on the court is a nullity and is subject to collateral attack' " (Bahnuk v Countryway Ins. Co., 214 AD3d 1218, 1220 [3d Dept 2023], quoting Hernandez v American Tr. Ins. Co., 2 AD3d 584, 585 [2d Dept 2003]; see also Bond v Giebel, 101 AD3d 1340, 1343 [3d Dept 2012], lv dismissed 21 NY3d 884 [2013]). Here, the record evidence does not establish that the judgment was obtained through fraud, misrepresentation, or other misconduct inasmuch as there was no proof that Lisinski was promised a portion of the recovered damages or that the parties withheld information from the court (see generally Oppenheimer v Westcott, 47 NY2d 595, 603-604 [1979]; Bond, 101 AD3d at 1343; Jakobleff v Jakobleff, 108 AD2d 725, 726 [2d Dept 1985]).
We agree with plaintiff, on his cross-appeal, that defendant may not challenge the damages in the default judgment proceeding and that the court therefore erred in directing a new damages inquest. If an insurer "disclaims and declines to defend in the underlying lawsuit" without seeking a declaratory judgment concerning its duty to defend or indemnify the insured, "it takes the risk that the injured party will obtain a judgment against the . . . insured and then seek payment pursuant to Insurance Law § 3420" (Lang v Hanover Ins. Co., 3 NY3d 350, 356 [2004]; see generally K2 Inv. Group, LLC v American Guar. & Liab. Ins. Co., 22 NY3d 578, 585-586 [2014], rearg denied 23 NY3d 939 [2014]). "Under those circumstances, having chosen not to participate in the underlying lawsuit, the insurance carrier may litigate only the validity of its disclaimer and cannot challenge the liability or damages determination underlying the judgment" (Lang, 3 NY3d at 356). We therefore modify the order by granting that part of plaintiff's motion seeking summary judgment with respect to damages up to the policy limit under Insurance Law § 3420 (a) (2).
We also agree with plaintiff that the court erred when it dismissed plaintiff's claims based on defendant's alleged bad faith. "[I]n order to establish a prima facie case of bad faith, the plaintiff must establish that the insurer's conduct constituted a 'gross disregard' of the insured's interests—that is, a deliberate or reckless failure to place on equal footing the interests of [the] [*3]insured with [the insurer's] own interests" (Pavia v State Farm Mut. Auto. Ins. Co., 82 NY2d 445, 453 [1993], rearg denied 83 NY2d 779 [1994]; see State Farm Fire & Cas. Co. v Ricci, 96 AD3d 1571, 1572 [4th Dept 2012]). Here, defendant did not meet its initial burden on that part of its cross-motion with respect to its alleged bad faith and improper conduct (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]) and, consequently, we do not consider the sufficiency of plaintiff's opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). We therefore modify the order by denying that part of defendant's cross-motion seeking to dismiss the first through fourth causes of action to the extent they allege bad faith and reinstating those causes of action in their entirety.
Entered: June 5, 2026
Ann Dillon Flynn
Clerk of the Court